Curia, per JohnstoN, Ch.
The statutory law applicable to the point made by this appeal, is contained in the Acts of 1721, 1734 and 1784. (7 Stat. 164, § 5 ; 188, § 15; 209, § 9.)
The first of these Acts, after prescribing the conditions upon which applications for injunctions shall be made, provides, that where the application is to stay, (of course by interlocutory order) suits before judgment, brought upon money demands secured by promissory note, bill of exchange, bond, single bill, or other specialty, or to stay execution after judgment for money, no injunction shall be granted until the sum of money so secured and sued for, or for which the judgment was given, be deposited in this court.
The next statute, after characterizing this requisition as too rigorous, enacts that defendants at law may be entitled to an injunction of the proceedings against them, upon giving security to the master oi register in chancery, not exceeding the damages laid in the declaration, to perform the order or decree of this court.
It would seenfthat this latter statute was supposed to be confined to proceedings prior to verdict and judgment, so that, as to the latter, the money must still be deposited, for the Act of 1784 provides as follows. “ Whereas the obliging a complainant, seeking relief from a verdict or judgment at law, to deposit the sum for which such verdict or judgment was obtained, before an injunction can issue to stay execution,” “ would be attended with much inconvenience,” &c. “ Be it therefore enacted, that a party applying for an injunction to stay proceedings in an action at law, or judgment or execution, or the levying of execution, shall be entitled to such injunction, on giving bond to the plaintiff at law, with security, to be approved by the master in chancery, for such sum, and with such condition, as the court shall direct,” &c,
It is very apparent that the latitude here given, as to the sum and condition of the bond, arose from the fact, that judgments and prior proceedings are all embraced together; and whereas, where the debt was ascertained by judgment, it would have been sufficient to require bond to secure that amount, no *280 such definite direction could be given where the suit was still pending. But still the court has no power to dispense with bond and security, unless the money be deposited. Its only discretion is over the amount and condition of the bond; and in cases where judgment has not been obtained, the discretion, as to tfye amount, is merely to limit the penalty to the contract sued on, or extend it to the damages claimed.
In this case, an injunction had been ordered, but no bond was given. On the further application for an order requiring the master to sign the writ, we are of opinion that it should have been refused, except upon the applicant’s complying with the law, by giving'bond with' sufficient security; and it is ordered that the Chancellor’s decision on this point be reversed, and his order set aside.
Johnson and Harper, CC. concurred.