THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 Bettyann L.
 Talley,        Respondent,
 
 
 

v.

 
 
 
 Nancy D.
 Jonas,        Appellant.
 
 
 

Appeal From Beaufort County
Curtis L. Coltrane, Master In Equity and Special Circuit Judge

Unpublished Opinion No.
2005-UP-519
Submitted August 1, 2005  Filed September 14, 2005   

AFFIRMED

 
 
 
 Nancy D. Jonas, of Beaufort,
 for Appellant.
 Bettyann L. Talley, of Savannah,
 for Respondent.
 
 
 

PER CURIAM:  Nancy D.
Jonas appeals from the masters order denying her motion for stay of execution
of a judgment.  She argues the master erred in denying her motion to stay
execution of an unsatisfied judgment.  She alleges errors from several
court proceedings, including some in federal court.  We affirm[1] pursuant to Rule 220(b)(2), SCACR,
and the following authorities:
1.    The master did
not err in denying Jonass motion to stay execution:  Rule 225, SCRCP
(generally, a stay of execution is unnecessary as an appeal stays the
proceedings).  However, a judgment directing the payment of money is an
exception to this rule.  See Rule 225(b)(1), SCRCP (providing exception to
the general rule of stays); S.C. Code Ann. § 18-9-130 (Supp. 2004) (explaining
notice of appeal does not stay certain matters including money judgments); 
see Barfield v. Barnes, 108 S.C. 1, 93 S.E. 425 (1917) (finding a judge
could stay execution of a decree until the party could seek permanent relief); see
also generally B. F. Hunt v. Smith, 18 S.C. Eq. 277 (1 Rich.
Eq. 1845) (describing a stay of execution as an injunction);  MailSource,
LLC v. M.A. Bailey & Associates, 356 S.C. 363, 367, 588 S.E.2d 635,
637-38 (Ct. App. 2003) (mentioning an abuse of discretion standard for review of
temporary injunctive relief).
2.     The other
issues Jonas raises are not properly before this court.  Rule 203(e)(3),
SCACR (providing the form and content of a notice of appeal, which includes
information about the order from which the appeal is taken).  Furthermore,
to be preserved for appellate review, an issue must have been raised to and
ruled upon by the trial court.  Lucas v. Rawl Family Ltd. Pship,
359 S.C. 505, 511, 598 S.E.2d 712, 715 (2004); see also Harkins
v. Greenville County, 340 S.C. 606, 533 S.E.2d 886 (2000).  Also, matters
previously ruled upon as final judgments cannot be relitigated.  Owenby
v. Owens Corning Fiberglas, 313 S.C. 181, 183, 437 S.E.2d 130, 131 (Ct. App.
1993) (providing the elements of res judicata, which prevents the relitigation
of issues previously decided by the parties); Rule 60, SCRCP (providing for
relief from judgment).
AFFIRMED.
HEARN, C.J. and STILWELL and
KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215,
SCACR.