THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BONIFACIO AVILÉS PÉREZ, Defendant and Appellant.

No. 11330.   Argued April 9, 1946.—Decided June 14, 1946.

*García Méndez & García Méndez* for appellant.   *E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The appellant was convicted by the District Court of Aguadilla of the offense of abandonment of children in a prosecution commenced in the municipal court of that city. In the complaint presented by Narcisa Márquez, it was alleged, in brief, that "since February 1941 until this day, in the ward of Capá, Moca, P.R., . . . . said defendant Bonifacio Avilés Pérez, unlawfully, wilfully, and maliciously . . . . *without just cause* neglected the support of his children Carmen, Nemesio, José Antonio, Ismael, Wilson, Elba, and Edwin Márquez, of 15, 14, 12, 10, 9, 7, and 3 years of age, respectively, who are children of the defendant and the complainant, without providing the necessities for their maintenance such as food, clothing, and medicines, despite the fact that he has been requested insistently by this complainant to do so."

On appeal, he urges that the lower court erred in overruling the demurrer presented against the information (*sic*); in admitting in evidence papers having no address, date, or signature and without being properly identified as alleged letters of the defendant; and that the judgment is contrary to the evidence, the lower court having commited manifest error in the weighing thereof.

The demurrer was based on two grounds, to wit: 1st, that it is not alleged in the complaint that the failure of the defendant to support his children was "without lawful excuse" as provided by § 263 of the Penal Code;[1] and, 2nd, that the defendant is not affected by said Section, inasmuch as the alleged children mentioned in the complaint are not acknowledged illegitimate children but unacknowledged illegitimate children.

---

[1] Section 263 reads thus:

"Every parent of any legitimate, legitimated, natural, or acknowledged illegitimate and adopted child who wilfully omits, without lawful excuse, to perform any duty imposed upon him by law or to furnish necessary food, clothing or medical attendance to such child, is guilty of a misdemeanor; *Provided, however,* That when complaint is filed against a person under the provisions of this section and such person is sentenced, the court may suspend sentence under such condition or it may deem convenient to the welfare of the child."

■ Let us see the first ground. It is true that the words "without just cause" were used in the complaint instead of the words "without lawful excuse" appearing in § 263, *supra*. However, both phrases are substancially the same. In *Donaghy* v. *State*, 100 A. 696 (Del. 1917) it was said, copying from headnote 10, that "In connection with nonsupport of a minor child, the statutory expression 'without lawful excuse' is synonymous with the expression 'without just cause. . .' " and in *State* v. *Constable*, 112 S.E. 410 (W. Va. 1922), it was held that the phrase "without a just cause" employed in an indictment for nonsupport of minors was equivalent to the words "without lawful cause" contained in the statute. As stated in *State* v. *Craig*, 159 S.E. 559 (S. Carolina 1931), the distinction between the words "cause" and "excuse" is largely metaphysical, the former meaning "that which occasions or effects a result"; and the latter being derived from *ex causa* which means "that which is offered as a reason for being excused; a plea offered in extenuation of a fault or irregular deportment; that which extenuates or justifies a fault."

Under either phrase, the prosecuting attorney was bound to prove the same facts. The complaint substantially follows the language of the statute and is sufficient to inform the defendant of the nature of the offense charged against him. *People* v. *Ortiz*, 60 P.R.R. 523.

■■ The question raised by the second ground of the demurrer has been decided against the appellant in *People* v. *López*, 54 P.R.R. 279, wherein we held, copying from the headnote, that: "The gist of the offense of abandonment of minors consists of the voluntary abandonment of the sons, of any kind whatsoever, without any excuse therefor." This doctrine was ratified in *People* v. *Osorio, per curiam* decision of July 5, 1940 (57 *D.P.R.* 1002), and subsequently in *People* v. *Emanuelli*, 61 P.R.R. 202, 206, where we said:

"There is no merit in the contention of the appellant that an adulterous child, such as the one involved herein, is not comprised in the provisions of § 263 of the Penal Code. An adulterous child is an illegitimate child and therefore is included in the provisions of said section according to the construction given thereto by this court in the case of *People* v. *López*, 54 P.R.R. 279. Appellant has not convinced us that the doctrine laid down in said case is erroneous and therefore we can not change it."

Appellant has not convinced us either in the present case, notwithstanding the lengthy arguments set forth in his brief, that we should disturb the doctrine established in the aforesaid cases.

■ The first error assigned was not committed and as to the second, accepting without deciding, that the court erred in admitting in evidence the alleged letters of the defendant, said error was harmless for there was ample additional evidence which the court believed, that tended to prove the same facts referred to in the letters, that is, the relations existing between the defendant and the complainant and her children.

■ We have carefully examined the transcript of the evidence and we are not convinced that the trial court committed manifest error in weighing the evidence. It was conflicting, but that for the prosecution believed by the court is sufficient to support the judgment, which must be affirmed.