613 S.E.2d 785

**Jane DOE, Claimant, Respondent,**

v.

**S.C. DEPARTMENT OF DISABILITIES AND SPECIAL NEEDS, Employer, and State Accident Fund, Carrier, Appellants.**

No. 3981.

Court of Appeals of South Carolina.

Heard March 9, 2005.

Decided April 18, 2005.

Rehearing Denied June 22, 2005.

412

Cynthia B. Polk and Thomas McRoy Shelley, III, both of Columbia, for Appellants.

Edward L. Graham, of Florence, for Respondent.

HEARN, C.J.

The South Carolina Department of Disabilities and Special Needs (Department) and the State Accident Fund appeal the decision of the circuit court reversing the findings of the Appellate Panel of the South Carolina Workers' Compensation Commission (Full Commission) and awarding benefits to Jane Doe (Claimant) based on her mental injuries. We reverse.

## FACTS

Claimant worked for the Department as a licensed practical nurse (LPN) for approximately eighteen years. She cared for individuals suffering from extreme mental retardation and cognitive disabilities such that they require institutional care. As an LPN, Claimant was responsible for the daily medical care of the patients in her unit.

In early 1997, the Department moved the individuals under Claimant's care into group homes because they were "higher functioning." As a result, patients who required more medical attention were moved into the unit where Claimant worked. Some of the new patients were more aggressive than Claimant's prior patients.

Claimant was injured in June of 1997 when a patient kicked her in the abdomen. She sought medical attention and was prescribed anti-inflammatory and pain medication. When she returned to her doctor, Dr. Paschal, for her recheck in August 1997, she complained about being depressed and having "a lot of crying spells." She was diagnosed with depression and prescribed Prozac. She returned to Dr. Paschal several times

for her depression and was prescribed Serzone. Beginning August 17, 1997, Claimant took a leave of absence from the Department as a result of her stress.

Claimant returned to work full-time in February 1998. Shortly thereafter, a patient pushed a cart into her, causing Claimant to sprain her left arm and knee. She was placed in a sling and knee immobilizer and given an anti-inflammatory and pain medication.

Claimant continued to see her doctors regarding her depression. Each time, she related her depression to the stress and environment at work. In August 1998, she accepted termination under a workforce reduction program.

After leaving the Department, Claimant continued to have severe depression, eating disorders, and other mental problems requiring both outpatient treatment and hospitalization. Throughout her treatment, Claimant complained of being depressed, not being able to sleep, and other psychological problems.

Claimant filed a Form 50, seeking workers' compensation benefits for the two physical injuries she sustained in June 1997 and February 1998. Additionally, she sought benefits for mental injury. Specifically, she alleged: "The unusual and extraordinary work conditions and/or the two physical injuries caused the Claimant to suffer disabling mental injury." The two physical injuries were admitted by the Department, and Claimant was paid seventy-eight dollars for her expenses. The Department denied the mental injury claims.

At the hearing, Claimant presented evidence of the change in the work environment at the Department beginning in the spring of 1997. She discussed her increased responsibilities and her increased exposure to aggressive patients. Testimony by other employees of the Department confirmed the work conditions.

Claimant indicated the physical injuries for which she sought compensation were but some of the physical assaults which occurred while working for the Department after the change in patients. Among other things, she testified she had feces smeared in her face by a patient. Claimant testified she was stressed and was very afraid of receiving further physical

injuries. Testimony indicated that she could not transfer to another area of the Department because no other employees were willing to accept her shift.

The Department produced evidence that the change of patients was not an unexpected or unusual event. Additionally, the Department showed the number of patients under Claimant's care decreased as a result of the change. The evidence indicated Claimant was specifically trained to handle more aggressive patients, and it was not unusual for nurses who worked for the Department to be subjected to aggressive behavior.

The single commissioner found Claimant had failed to prove her mental injury was the result of unusual or extraordinary circumstances. He found the environment was one to be expected when dealing with the patients in the care of the Department. Additionally, the commissioner found no evidence that Claimant's physical injuries directly caused her stress and fears. Therefore, the commissioner found Claimant had failed to provide evidence that her mental injury was compensable. The Full Commission agreed and adopted the findings and conclusions of the single commissioner.

The circuit court reversed the order of the Full Commission. The circuit court found Claimant had presented substantial evidence of the unusual and extraordinary nature of her work environment. Additionally, the circuit court found the mental injury was accompanied by the physical injuries, and therefore the circuit court did not need to determine whether the work conditions were unusual and extraordinary. The circuit court specifically noted that physical injuries do not have to be the direct cause of the mental injury, but must be a cause and must accompany the mental injury. Finally, the circuit court awarded Claimant five hundred weeks of total and permanent disability compensation in the amount of $330.86 per week for her mental injury. This appeal followed.

## ISSUES ON APPEAL

I. Did the circuit court err by reversing the decision of the Full Commission and finding Claimant's mental injury was compensable as the result of unusual and extraordinary work conditions?

II. Did the circuit court err by reversing the decision of the Full Commission and finding Claimant's mental injury was compensable as the result of a mental injury accompanied by a physical injury?

III. Did the circuit court err by awarding Claimant total and permanent disability benefits instead of remanding for a determination by the Full Commission?

## STANDARD OF REVIEW

 The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 134–35, 276 S.E.2d 304, 306 (1981). "In workers' compensation cases, the Full Commission is the ultimate fact finder." *Shealy v. Aiken County*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000). "The final determination of witness credibility and the weight to be accorded evidence is reserved to the Full Commission." *Id.*

In an appeal from the commission, this court, as well as the circuit court, may not substitute its judgment for that of the commission as to the weight of the evidence on questions of fact. S.C.Code Ann. § 1–23–380(A)(6) (Supp.2004). The appellate court can reverse or modify the Full Commission's decision only if the claimant's substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *Id.* "Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the Full Commission reached." *Shealy*, 341 S.C. at 455, 535 S.E.2d at 442.

## LAW/ANALYSIS

### I. Mental–Mental

 The Department contends the circuit court erred in reversing the determination by the Full Commission that Claimant's mental disability was not caused by "extraordinary and unusual" conditions in her employment. We agree.

■ A mental-mental injury is a purely mental injury resulting from emotional stimuli. *Shealy*, 341 S.C. at 455, 535 S.E.2d at 442. According to section 42–1–160 of the South Carolina Code (Supp.2004):

> Stress arising out of and in the course of employment unaccompanied by physical injury and resulting in mental illness or injury is not a personal injury unless it is established that the stressful employment conditions causing the mental injury were extraordinary and unusual in comparison to the normal conditions of the employment.

■■ The requirement of "unusual or extraordinary conditions in employment" for a claimant to recover for a mental-mental injury refers to conditions to the particular job in which the injury occurs, not to conditions of employment in general. *Shealy*, 341 at 456, 535 S.E.2d at 442. In order to recover workers' compensation benefits, Claimant must prove both: (1) that she was exposed to unusual and extraordinary conditions in her employment; and (2) that these unusual and extraordinary conditions were the proximate cause of her mental breakdown. *Id.* at 459, 535 S.E.2d at 444.

As the finder of fact, the Full Commission found the conditions of Claimant's employment were not extraordinary or unusual for her particular job. The Full Commission specifically found the movement of patients between facilities was not extraordinary, and the change in the level of care that· Claimant had to provide her patients was not an extraordinary or unusual condition. The Full Commission found that being "subjected to aggressive behavior by mentally-challenged patients is not an extraordinary and unusual condition of employment as a nurse at [the Department], as this occurs with some frequency and is the subject of specific training for [Department] employees." Finally, the Full Commission found:

> Based upon her work history and training, it was not unexpected that Claimant would be subjected to changes in the amount of medical care her patients required, that she would be subjected to loud and aggressive behavior by patients, that she would fear loud and aggressive behavior by patients, and that she would suffer minor physical injuries as a result of aggressive behavior by patients.

The findings of fact made by the Full Commission are supported by substantial evidence in the record.[1] Tenia Rae Allen, a supervisor of first shift nurses, testified that dealing with aggressive people was not an unusual situation and that nurses were injured even before the more aggressive patients came to Claimant's unit. A co-worker, Kim Willis, provided additional testimony to indicate the working conditions were not unusual. She stated: "There have always been times when we would have certain patients that were harder to deal with. . . . Most of the ones we have now have more medical needs, but there have always been times when it was hard to deal with, the whole 21 years I've been there." Willis also testified that as a nurse she expected changes in the types of patients she would be dealing with and felt it could get even worse than it was at the time Claimant left. Finally, she testified that some physical confrontation with the patients is to be expected and that was why they had classes to train and "learn how to deal with that."

In addition to finding the condition of Claimant's work environment was not extraordinary and unusual, the Full Commission found she had prior and current non-work related stressors, which could impact her mental injury. The Full Commission found her hospitalizations for depression that occurred prior to her employment with the Department contributed to her current bout with depression. Additionally, at the time she was incurring the changes at work, she was also coping with her father's diagnosis of cancer and his subsequent death from the disease. Dr. Paschal and Dr. Lowe document these additional factors in the medical notes.

While the circuit court did a good job of detailing the evidence contrary to the findings of the Full Commission, it appears to have ignored the substantial evidence supporting

---

1. We disagree with Claimant's argument that her mental injury was caused by an *unlawful* work environment. In support of this argument, Claimant points out that the Department did not abide by Department of Health and Environmental Control regulations. However, these regulations deal with contractual conditions the Department must meet to receive money from the federal government. *See* 42 CFR § 483.430(d)(1) & § 483.470(a)(1) (1997). While not following the regulations might result in the Department's loss of federal funding, violating the regulations does not create an "unlawful" work environment.

the Full Commission's findings. Accordingly, we find the circuit court erred in making its own findings of fact and in reversing the decision of the Full Commission as it relates to Claimant's mental-mental claim.

## II. Physical–Mental

■ The Department next contends the circuit court erred in reversing the Full Commission's finding that Claimant's mental claims were not caused by her physical injuries and, therefore, not compensable. We agree.

■ Both mental-mental injuries, in which the injury is brought on by the extraordinary and unusual conditions of the claimant's work, and physical-mental injuries, in which a physical injury induced the mental disability, are compensable. *See Getsinger v. Owens–Corning Fiberglas Corp.*, 335 S.C. 77, 80–81, 515 S.E.2d 104, 105–06 (Ct.App.1999). "Where . . . the mental injury is induced by physical injury, it is not necessary that it result from unusual or extraordinary conditions of employment." *Estridge v. Joslyn Clark Controls, Inc.*, 325 S.C. 532, 538, 482 S.E.2d 577, 580 (Ct.App.1997). A condition, which is induced by a physical injury, is thereby causally related to that injury. *Id.* (defining cause as that which produces an effect); Black's Law Dictionary, 221 (6th ed.1990) (defining cause as "to make to induce . . . ."). "[The mental injury] is a new symptom manifesting from the same harm to the body." *Estridge*, 325 at 538–39, 482 S.E.2d at 581.

Despite the circuit court's finding that a physical injury need not be the direct cause of a mental injury, nothing in section 42–1–160, which explains that certain mental injuries are compensable, removes the causation requirement from a physical-mental claim. Because there is no declaration in the statute altering the requirements for a physical-mental claim, the physical injury must still "induce" or "cause" the mental injury for the mental injury to be compensable. *See Caughman v. Columbia Y.M.C.A.*, 212 S.C. 337, 344, 47 S.E.2d 788, 791 (1948) ("It must be assumed that the Legislature was aware of the policy established by [decisions of the courts] when the legislation under consideration was enacted, and it is reasonable to suppose that if it was intended to change such

policy, the Legislature would have expressly so declared . . . .").

In the case before us, there is substantial evidence in the record supporting the Full Commission's determination that the mental injury was not induced or caused by the minor physical injuries Claimant sustained. Claimant stated her fear, the change in work conditions, the loud noises, and the increased stress resulted in her mental injuries. The doctors' records indicate Claimant's issues were related to the stressors of her work and to her fear of assaults. Although Claimant feared assaults by patients, nothing in the record indicates this fear was directly caused by the injuries she suffered to her abdomen, knee, and arm. Furthermore, there was substantial evidence suggesting that other stressors in Claimant's life that were unrelated to work caused her mental injuries. Accordingly, we find the circuit court erred in reversing the decision of the Full Commission.

## CONCLUSION

We find there was substantial evidence to support the Full Commission's findings that Claimant's mental claims did not result from extraordinary and unusual conditions of her employment. We hold any claim based upon a physical-mental injury must demonstrate that the physical injury caused or induced the mental injury and not that the mental injury was only temporally related. Therefore, we find there is substantial evidence to support the Full Commission's finding that her mental injury was not caused by the minor physical injuries she sustained. Accordingly, the decision of the circuit court is

**REVERSED.**[2]

KITTREDGE and WILLIAMS, JJ., concur.

---

2. Because we find the decision of the circuit court should be reversed and the decision of the Full Commission reinstated, we need not address the Department's remaining issue that the circuit court erred in making findings of fact related to the nature of Claimant's disability and amount of compensation due Claimant.