THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sandra Bush, Employee, Appellant,
v.
South Carolina Department of Corrections, Employer, and State Accident Fund, Carrier,
Respondents.
 
 
 

Appeal from Dorchester County
James C. Williams, Jr., Circuit Court Judge

Unpublished Opinion No.  2005-UP-614
  Submitted December 1, 2005  Filed December 8, 2005

AFFIRMED

 
 
 
Larry A. Welborn, of Anderson, for Appellant.
Matthew C. Robertson, Ajerenal Danley, and Cythia B. Polk, all of Columbia, for Respondents.
 
 
 

PER CURIAM:  In this workers compensation action, the single commissioner determined Sandra Bushs post-traumatic stress disorder was not an injury by accident arising out of and in the scope of her employment with the South Carolina Department of Corrections because she was not operating under unusual or extraordinary conditions of employment. An appellate panel of the Workers Compensation Commission (the Commission) adopted the single commissioners findings of fact.  The circuit court affirmed.  Bush appeals.  We affirm[1] pursuant to Rule 220(b)(2), SCACR, and the following authorities:  Hargrove v. Titan Textile Co.,
360 S.C. 276, 289, 599 S.E.2d 604, 610-11 (Ct. App. 2004) (an appellate court must affirm the findings of the Commission if they are supported by substantial evidence); S.C. Code Ann. § 42-1-160 (Supp. 2004) (Stress arising out of and in the course of employment unaccompanied by physical injury and resulting in mental illness or injury is not a personal injury unless it is established that the stressful employment conditions causing the mental injury were extraordinary and unusual in comparison to the normal conditions of the employment.); Shealy v. Aiken County, 341 S.C. 448, 456-57, 535 S.E.2d 438, 442-43 (2000) (holding that the requirement of unusual or extraordinary conditions in employment for a claimant to recover for a mental-mental injury refers to conditions to the particular job in which the injury occurs, not to conditions of employment in general); Doe v. S.C. Dept of Disabilities and Special Needs, 364 S.C. 411, 418, 613 S.E.2d 785, 789 (Ct. App. 2005) (In order to recover workers compensation benefits, Claimant must prove both: (1) that she was exposed to unusual and extraordinary conditions in her employment; and (2) that these unusual and extraordinary conditions were the proximate cause of her mental breakdown.). 
AFFIRMED.

STILWELL, KITTREDGE and WILLIAMS, JJ., concur. 

[1]  
Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.