## 0510

Violet HOLCOMBE, Respondent, v. DAN RIVER MILLS/
WOODSIDE DIVISION, Appellant.

(333 S. E. (2d) 338)

Court of Appeals

*John P. Britton* of *Rainey, Britton, Gibbes & Clarkson, P.A.,* Greenville, *for appellant.*

*Don R. Moorhead,* of *Culbertson, Christian, Moorhead & Alexander,* Greenville, *for respondent.*

Heard April 25, 1985.

Decided June 25, 1985.

GARDNER, Judge:

Violet Holcombe (Holcombe) was awarded total disability under the Workers' Compensation Act by the single Commissioner; his award was affirmed by the full Commission and Circuit Court. We affirm.

Holcombe has a tenth grade education. She has worked in textiles since she was about 19 years of age and was nearly 57 years of age at the time of the hearing. The testimony of Dr. Faris is that as of March 1979, Holcombe was permanently disabled as a result of her lung condition; however, Dr. Faris opined that the total disability because of her lung condition was etiologically related to several ailments, any one of which or the combination of all might have caused her total disability. Another witness, Dr. Landis, testified that Holcombe's disability was etiologically related to cotton dust exposure; however, this expert witness testified that in his opinion Holcombe had a 20-30 percent disability.

There is lay evidence of record that Holcombe can do only light work such as washing dishes, making her bed, and light housework. She cannot walk more than one-half block, has difficulty climbing steps due to shortness of breath, and experiences increased difficulties with breathing upon walking on inclines or hills.

The two issues before this court are whether (1) there is substantial evidence of record to support a finding that Holcombe is totally and permanently disabled by reason of her employment with Dan River and (2) the trial Commissioner abused his discretion in refusing after hearing to allow the taking of the deposition of Dr. Aldredge, who is not a medical doctor but is an expert in vocational rehabilitation.

## I.

Our scope of review in workers' compensation cases is to determine whether there is substantial evidence of record to support the findings of the Commission. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). Furthermore, § 1-23-380(g), Code of Laws of South Carolina (1976) provides that this court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

In this case the record reveals that several witnesses gave conflicting testimony. Where there is a conflict in the evidence, either of different witnesses or of the same witnesses, the findings of fact of the Commission as triers of the fact are conclusive. *Sola v. Sunny Slope Farms*, 244 S. C..6, 135 S. E. (2d) 321 (1964). Dr. Faris testified that Holcombe was permanently disabled as the result of her lung condition; Dr. Landis testified that Holcombe's disability was etiologically related to cotton dust exposure. The Commission in workers' compensation cases sits as a jury does. It is elementary that a jury may believe part or all of a witness's testimony; this being true, there is evidence in this case both of permanent disability and that the disability is related to cotton dust exposure.

We find that there is substantial evidence of record to support the findings of the Commission in this case.

## II.

St. Paul next asserts that the single Commissioner and the Commission erred by refusing to allow the testimony of Dr. Aldredge. Rule 67-31 of the Industrial Commission requires that all of the evidence be presented at the hearing before the single Commissioner either by appearance of the necessary witnesses or the submission of depositions taken in accordance with the general statutes of South Carolina relating to the filing of a deposition in civil proceedings. At the hearing before the single Commissioner, Holcombe presented all of her evidence. After the hearing, on motion of Dan River, the Commissioner permitted the taking of the depositions of several doctors but refused to allow the taking of the deposition of Dr. Aldredge. Dan River failed to comply with Rule 67-31. Under this Rule,

the single Commissioner is given discretionary power with respect to the taking of additional testimony. *Spearman v. F. S. Royster Guano Co.*, 188 S. C. 393, 199, S. E. 530 (1938). We hold that there was no abuse of discretion by the single Commissioner in refusing to allow the taking of the deposition of Dr. Aldredge and its admission in evidence.

Dan River next asserts that the full Commission should have allowed the deposition of Dr. Aldredge to be taken and entered as evidence. Industrial Commission Rule 67-14 speaks to this issue and provides that the movant must show that the evidence was not known to the party who desired to introduce it at the time of the hearing before the single Commissioner. The record clearly reflects the fact that, at the time of the hearing before the single Commissioner, Dan River knew of the testimony of Dr. Aldredge; we therefore reject this argument.

For the reasons stated, the judgment below is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.