### 1617

Carol D. MIXSON, Employee, Appellant v. WESTINGHOUSE ELECTRIC CORPORATION, Employer, and Westinghouse Electric Corporation, Self-Insurer, Carrier, Respondents.

(402 S.E. (2d) 893)

Court of Appeals

*Golden R. Battey, Jr.,* of *Harvey & Battey,* Beaufort, *for appellant.*

*Charles B. Barnwell, Jr.,* of *Horger, Barnwell & Reid,* Orangeburg, *for respondents.*

Heard Jan. 23, 1991.

Decided Feb. 25, 1991.

*Per Curiam:*

This is a workers' compensation case. The hearing commissioner awarded appellant, Carol D. Mixson, sixty percent permanent disability to her left hand. Respondent, Westinghouse Electric Corporation, appealed the ruling to the Full Commission. The Full Commission ruled Mixson had not reached maximum medical improvement and ordered Westinghouse to provide her additional medical treatment. On appeal to the circuit court, the court reversed the Commission. The court found Mixson suffered disability to her fingers only and remanded to the hearing commissioner for a determination of the amount of disability. Mixson appeals. We reverse and remand.

The parties agree Mixson sustained disabling injuries to either her hand or her fingers. The hearing commissioner determined that since the doctors could not agree on the necessity for additional surgery, he would not require the employer to provide additional medical services that "may or may not reduce the amount of impairment." He then concluded Mixson had reached maximum medical improvement and awarded her a sixty percent disability rating to her entire hand.

Mixson did not appeal the hearing commissioner's decision. Westinghouse appealed only the finding of impairment to the hand and argued the injury was exclusively to Mixson's two fingers. The Full Commission found Mixson had not reached maximum medical improvement and additional medical treatment or surgery was needed.

Westinghouse appealed the Commission's decision to the circuit court alleging the Commission had gone beyond the issues on appeal before it. Westinghouse argued the unappealed findings of the hearing commissioner were the law of the case. Westinghouse also claimed error in the failure of the Commission to limit Mixson's disability to the fingers rather than her hand.

The circuit court reversed both the Commission and the

hearing commissioner. The court found the Commission erred in making findings which were beyond the scope of the exceptions presented it and its ruling violated due process of law since the litigants did not have notice of the issues to be heard. Additionally, it found Mixson's injury was only to her two fingers, not her entire hand. Thus, the court remanded the case to the hearing commissioner to determine the amount of disability to the fingers.

Although Mixson raises by exception the authority of the Commission to consider the question of whether or not she had reached maximum medical healing, that exception is not argued in the parties' briefs.[1] The failure to argue an exception in a brief ordinarily amounts to an abandonment of it. *Howell v. Pacific Columbia Mills*, 291 S.C. 469, 354 S.E. (2d) 384 (1987).

Both parties in their briefs essentially pose the question presented for review as follows:

> Where appellant's and respondent's [sic] medical experts agree that appellant has suffered permanent partial impairment of her hand as a result of an injury to her finger only, is she entitled to an award of permanent partial disability of the hand where the injury producing such disability is to the finger only with no injury to the hand itself.

Under *S.C. Code Ann.* Section 42-9-30 (1976) the Commission could have awarded Mixson compensation for either her left hand or her two fingers depending on how it viewed the evidence.

Contrary to Westinghouse's claim, there is no requirement that loss of use, or partial loss of use of a member of the body requires evidence of direct injury to the member itself. *Roper v. Kimbrell's of Greenville*, 231 S.C. 453, 99 S.E. (2d) 52 (1957).

---

[1] Mixson's exception reads:

> That the lower court erred in remanding the case to a Commissioner in that no appeal was taken from the finding of the single Commissioner that the Claimant had reached maximum medical improvement, and under the "Substantial Evidence Rule" the only findings of fact are that the Claimant sustained a sixty (60%) percent permanent impairment to her left hand.

Both parties argue the facts as presented to the hearing commissioner support their respective positions.

Thus, resolution of the issue presented to us depends upon whether or not the trier of facts believes the evidence supports a finding of disability to the entire hand, or just to the two fingers.

The Commission, as fact finder, has not in the posture of this case exercised its prerogative to find the facts on this issue. *Janhrette v. Union Camp Paper Corp.*, 293 S.C. 59, 358 S.E. (2d) 704 (1987) (decision of a hearing commissioner cannot be taken directly to the circuit court on appeal, without first being reviewed by the Full Commission); *Lowe v. Am-Can Transport Services, Inc.*, 283 S.C. 534, 324 S.E. (2d) 87 (Ct. App. 1984) (when reviewing the evidence and award of a hearing commissioner, the Commission may make its own findings of fact and reach its own conclusions of law consistent or inconsistent with those of the hearing commissioner).

Here, it is clear there is a conflict in the testimony relative to Mixson's disability. Where there is such a conflict, the findings of fact of the Commission are conclusive. *Holcombe v. Dan River Mills/Woodside Div.*, 286 S.C. 223, 333 S.E. (2d) 338 (Ct. App. 1985). Because the Commission has not made findings of fact pertaining to Mixson's disability, and because both parties agree the extent of disability was the only issue before the Commission, we remand the question of whether there was disability to Mixson's entire hand or only her fingers to the Commission for a determination. We likewise remand to the Commission the issue of the degree of disability to the member or members of Mixson's body found by the Commission to be impaired.

Reversed and remanded.