## 23405

Junior Troy HOXIT, deceased, Employee, Mary Ann Hoxit Tompkins, Widow, Terri Ann Hoxit, Daughter, by her Guardian ad Litem, Mary Ann Hoxit Tompkins, and Shannon Brian Hoxit, minor grandson, by his Guardian ad Litem, Mary Ann Hoxit Tompkins, Appellants v. MICHELIN TIRE CORPORATION, Employer, The Hartford Accident and Indemnity Company, Carrier, and South Carolina Second Injury Fund, Respondents.

(405 S.E. (2d) 407)

Supreme Court

*Alexander S. Macaulay,* Walhalla, and *R. Evan Palmer,* Anderson, *for appellants.*

*William Douglas Gray,* Anderson, *for respondents.*

Heard April 3, 1991; Decided May 20, 1991.

Rehearing Denied July 8, 1991.

HARWELL, Justice:

Appellants, the beneficiaries of the deceased employee, Junior Troy Hoxit, instituted this action seeking workers' compensation benefits. The single Commissioner denied appellants' claim. The Full Commission and the Circuit Court affirmed. On appeal, appellants claim that the denial of benefits is not supported by substantial evidence. We affirm.

## I. FACTS

Hoxit had been an employee of Michelin Tire Corporation for ten and a half years and was a senior supervisor at the time of his death. During the first nine years of his employment, Hoxit had worked a swing shift in which he alternated between the first, second, and third shifts. One year prior to his death, Hoxit began working the first shift, but would occasionally work the second or third shift to replace absent personnel.

As a senior supervisor, Hoxit was required to perform weekend duty every seven to nine weeks. During weekend duty, a supervisor was required to be on call and was obligated to go to the plant if a problem arose. In addition, during weekend duty a supervisor was required to work two to three hours at the plant on Saturday and Sunday mornings to review production records.

From August 4, 1985 to August 9, 1985, Hoxit was scheduled to work the third shift for an employee who was on vaca-

tion. On Friday, August 9, 1985, Hoxit completed the third shift and was on call for weekend duty.[1] Hoxit's widow testified that Hoxit began receiving phone calls Friday afternoon regarding a problem at the plant, and that he made several phone calls in response. The widow also testified that Hoxit went to the plant early Saturday morning, worked all day, and returned home late Saturday evening. However, the employer's production records only reflect that Hoxit worked two hours on Saturday. On Sunday, August 11, the production records reflect that there was a production problem, and that Hoxit worked twelve hours. On Monday, August 12, Hoxit returned to work on the first shift, and worked his regular hours. Hoxit died in his sleep early on the morning of August 13, 1985.

The medical testimony revealed that Hoxit died as a result of cardiac arrythmia. However, the physicians who testified disagreed as to whether Hoxit's employment was the cause of the cardiac arrythmia. The Hearing Commissioner, the Full Commission, and the Circuit Court all found that Hoxit's death was not the result of unexpected strain or overexertion or unusual and extraordinary conditions of employment and thus, was not compensable. Appellants claim that the denial of benefits is not supported by substantial evidence.

## II. DISCUSSION

The only issue on appeal is whether the decision of the Full Commission is supported by substantial evidence.

The Commission is the fact-finder, and it is not within this Court's province to reverse the Commission's findings if they are supported by substantial evidence. S.C. Code Ann. § 1-23-380(g) (1986); *Hunter v. Patrick Construction Co.*, 289 S.C. 46, 344 S.E. (2d) 613 (1986). Substantial evidence is:

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. This is something less than the

[1] The record reflects that Hoxit had the option to switch with another senior supervisor for the ensuing weekend duty, but chose not to do so.

weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.

*Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135-6, 276 S.E. (2d) 304, 307 (1981).

A heart attack suffered by an employee constitutes a compensable accident within the meaning of the Workers' Compensation Act if it is induced by unexpected strain or overexertion in the performance of the duties of his employment or by unusual and extraordinary conditions in employment. *Brown v. La France Industries*, 286 S.C. 319, 333 S.E. (2d) 348 (Ct. App. 1985). Although appellants assert that problems arose on the weekend duty which created an unusual or extraordinary working condition, the evidence presented below on this issue was contradictory. One of Hoxit's co-workers testified that Hoxit called him and asked him to come into work early on Sunday because they had to "get production out to keep some of the U.S. plants from going down." However, the employer's records only reveal that there was a computer problem and a shortage of butyl.[2] Hoxit's supervisor testified that computer problems were typical and that, although there was a shortage of butyl, in order to remedy this problem, all that Hoxit was required to do was to notify the production crew to begin production earlier than usual on Sunday.

Hoxit's widow testified that Hoxit's work schedule the week before his death was unusual and extraordinary. However, she also testified that Hoxit had previously worked weekend duty after having worked the third shift and that on other occasions he had stayed at the plant longer than two hours on Saturday and Sunday. Hoxit's supervisor testified that the work performed by the decedent was ordinary, usual, and expected. The supervisor also testified that, contrary to the widow's claims, Hoxit's time card did not reflect that he had worked all day on Saturday.

The testimony of the physicians was also contradictory. Appellants' medical experts testified that in their opinion, job stress, strain, and fatigue caused Hoxit's sudden cardiac

---

[2] Butyl is a component used in the tiremaking process.

death. However, one of appellants' experts contradicted his own testimony as to causation by stating that the autopsy revealed that Hoxit's stress did not begin immediately preceding his death and that Hoxit had been under stress for a long period of time. The employer's expert testified that he did not believe that Hoxit's death was induced by his employment.

Where there is a conflict in the evidence, either of different witnesses or of the same witnesses, the findings of fact of the Commission as triers of fact are conclusive. *Holcombe v. Dan River Mills,* 286 S.C. 223, 333 S.E. (2d) 338 (Ct. App. 1985). Further, while there is evidence which could arguably have raised other inferences as to causation, it is not the task of this Court to substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact. S.C. Code Ann. § 1-23-380(g) (1986).

The decision of the Commission that Hoxit's death was not caused or induced by unexpected strain or overexertion in the performance of the duties of his employment or by unusual and extraordinary conditions of the employment is supported by substantial evidence. The order of the Circuit Court affirming the Full Commission is

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

