THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING   EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Billy Jack Lollis and Ashley E. Lollis as Personal Representatives of the Estate of Billy E.
Lollis, Jr., Deceased,        Appellants,
 
 
 

v.

 
 
 
S&S Construction Company, Inc., Employer, Pennsylvania National Mutual Casualty Ins., Carrier,       
Respondents.
 
 
 

Appeal From Anderson County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2005-UP-364
Submitted May 1, 2005  Filed May 26, 2005

AFFIRMED

 
 
 
Steven M. Krause, of Anderson, for Appellant.
Mary Sowell League, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Billy Jack Lollis and Ashley E. Lollis, as personal representatives of the Estate of Billy E. Lollis, Jr., appeal the circuit courts order affirming the Appellate Panel of the South Carolina Workers Compensation Commission (Full Commission).  Appellants argue the circuit court erred in finding Billy E. Lollis, Jr. was barred, pursuant to S.C. Code Ann. § 42-9-60 (1985), from receiving workers compensation benefits because voluntary intoxication was the proximate cause of the accident.  
After a thorough review of the record, the decision of the circuit court, and the briefs of the parties, we find the circuit court properly concluded there was substantial evidence to support the Full Commissions finding that intoxication was the proximate cause of the accident.  The circuit courts order is hereby affirmed and reprinted as part of the opinion of this Court.[1]
THE ORDER OF JUDGE ALEXANDER S. MACAULAY
PROCEDURAL HISTORY
This matter came before me on an appeal from the Full Commission of the South Carolina Workers Compensation Commission. The claimant filed a form 50 on November 14, 2000, alleging an injury by accident, resulting in severe head trauma. The employer/carrier answered, admitting that the claimant was an employee and in the scope of his employment at the time of his injury, but interposing an affirmative defense of voluntary intoxication as a bar to recovery.  (See S.C. Code Ann. §42-9-60, 1985, as amended). The employer/carrier contended that the claimant was so intoxicated and impaired on the day in question that he was incapable of operating a bulldozer safely, and as a direct and proximate
result of this intoxication, drove the bulldozer too close to the edge of a pit, causing the equipment to slide down into the pit and unfortunately injuring the claimant.
Commissioner Catoe heard the case and issued his Decision and Order on February 8, 2002, finding that the employer/carrier failed to meet their burden of proof that intoxication was the proximate cause of the accident. The Full Commission reversed the Single Commissioner by Order dated August 26, 2002, finding that the claimants level of intoxication and impairment was so great that he was incapable of operating a bulldozer safely and that the accident was a direct and proximate result of his intoxication. 
By Notice of Appeal dated September 10, 2002, the claimant timely appealed to this Court as authorized by South Carolina law. At the hearing before this Court on August 28, 2003, the claimants intoxication was conceded, and argument was focused on the issue of proximate cause.
STANDARD OF REVIEW
This Court is not permitted to substitute its view of the evidence for that of the Full Commission. S.C. Code Ann. §1-23-380(g), 1976, as amended; rather it is constrained to determine if the decision below is controlled by an error of law or if it is wholly unsupported by any evidence.  Hoxit v. Michelin Tire Corp., 304 S.C. 461, 405 S.E.2d 407 (1991), OBanner vs. Westinghouse Electric Corporation, 319 S.C. 24, 459 S.E. 2d 324 (Ct. App. 1995). The Commissions decision must be affirmed if the findings of fact are supported by substantial evidence in the record.  Sharpe v. Case Produce, Inc., 336 S.C. 154, 519 S.E. 2d 102 (1999). The final determination of witness credibility and the weight to be accorded evidence is reserved to the Commission.  Where there is conflict in the evidence, the Commissions findings of fact are conclusive.  Id.
The claimant was in an accident when the bulldozer he was driving slid down into a pit [o]n the morning in question. The claimant was then transported to Spartanburg Regional Medical Center, where his blood alcohol content was measured at more than three times the level of presumed intoxication, .308 grams per 100 milliliters, or as commonly referenced, a .308 BAC.  (For simplicitys sake the Court will refer to this reading as a .31%.)
The claimant contested his intoxication before the Single Commissioner, even in light of a blood alcohol level of .31%; and further contended that the bulldozer slid because of unstable ground, which would have occurred had he been operating the bulldozer while sober. At the hearing before the Single Commissioner, Steve Sease, an experienced operator of heavy equipment, testified that after viewing the scene, it was his opinion that the claimant had gotten too close to the edge of a pit, had tried to go down the slope and then lost control.  He further stated it was not routine to drive a bulldozer down into a pit, and that the claimant had never done so before this accident.  While the claimants witnesses struggled mightily to characterize the event as unavoidable due to the collapse of unstable ground around the edge of the pit, they gave significantly conflicting testimony. The Full Commission reviewed this and other evidence in the record, and concluded that the claimants intoxication was the proximate cause of the accident. The Full Commission is the ultimate finder of fact in workers compensation cases[.]  Ross v. American Red Cross, 298 S.C. 490, 381 S.E.2d 728 (1989).  There was ample testimony in the record to support the Commissions finding that the bulldozer tumbled into the pit because it was being operated by a grossly intoxicated driver who should have known better than to approach as closely to the edge as he did.[2]  The real question is whether this Court, sitting in appellate jurisdiction, can overturn the findings of the Full Commission when it is indisputable that the record contains substantial evidence to support its findings. The disposition of this case before this Court is determined by the standard of review.   
This Court, sitting in appellate jurisdiction, only has the power to correct decisions below that are controlled by an error of law, wholly unsupported by any evidence, or are arbitrary or capricious. See S.C. Code Ann. §1-23-380, 1976, as amended.  While the claimant/appellant concedes that the evidence below supported the Full Commissions finding regarding the claimants intoxication, he urges that the decision below is controlled by an error of law regarding proximate cause.  However, South Carolina law has many years of well-established precedent that questions of proximate cause are always questions to be resolved by the finder of fact.  See Olsen v. Faculty House of South Carolina, Inc., 344 S.C. 194, 544 S.E.2d 38 (Ct. App. 2001).  Here, the Full Commission having found that the fall down into the pit was occasioned by a piece of heavy equipment being operated by a grossly impaired operator, this court is not permitted to set aside that finding if it is supported by evidence, even if this Court is inclined to disagree with the decision reached by the Full Commission.  Consider the hypothetical parallel situation in which an impaired operator of an automobile slides off a dangerous curve causing injury to his passenger.  While the operator may argue that a sober driver would also have slid off the same curve, it is impossible to ignore the fact that a driver operating a motor vehicle under the effects of alcohol could not escape liability for driving while drunk.  Thus if a jury concluded on such evidence that the reason the driver slid off the curb and injured his passenger [sic], an appellate court would not be permitted to set such a verdict aside even if it disagreed with the decision reached by the finder of fact.  The same analysis applies here. It is possibleand even plausiblethat a sober operator might carelessly drive a bulldozer into a pit and thereby injure himself, but when the event occurs involving a grossly drunk operator, the logical inference cannot be escaped that the operators muddled condition was the proximate cause of the accident. 
Therefore, no matter whether this Court agrees or disagrees with the decision of the Full Commission, the Full Commission is the finder of fact. Having reviewed the record in detail, and listened to the arguments of counsel, this Court is unable to identify either a controlling error of law or the dearth of substantial evidence to support the decision below. Moreover, the decision below cannot be labeled as being either capricious or arbitrary.
For these reasons the decision of the Full Commission is affirmed.
The Court of Appeals, having adopted the decision of the circuit court as noted above, holds the judgment is
AFFIRMED.
GOOLSBY, HUFF, and KITTREDGE, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  The record before the Single Commissioner reflects various questions and answers relating to the complexity of safely operating a bulldozer. This Court accepts, without reciting the various witnesses testimony regarding the operation of bulldozers, the self-evident notion that bulldozers are heavy, complex, and dangerous instrumentalities, and that if our law does not permit drivers to operate automobiles if under the influence of alcohol, the reasons for such a rule are equallyif not more soapplicable to heavy construction equipment. The claimant in the present case had consumed so much alcohol prior to operating the bulldozer that he could not remember what he drank or in what quantity, other than it was at least a twelve pack of beer, and additional liquor and beer after that, describing the amount consumed as a bunch[.]