THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Isaac Clutch Ware, Respondent,
 
 
 

v.

 
 
 
 Tradesman International Inc., and National Fire Insurance Co., Appellants.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No.  2006-UP-014
Submitted December 1, 2005  Filed January 11, 2006

AFFIRMED

 
 
 
 Stanford E. Lacy and Suzanne C. Boulware, both of Columbia, for Appellants.
 Kathryn  Williams, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Tradesman International, Inc. and National Fire Insurance Company of Hartford (Appellants) appeal the decision of the circuit court affirming the South Carolina Workers Compensation Commissions (the Commission) award of workers compensation benefits to Isaac Ware.  We affirm.[1]
FACTS
Ware was employed by a temporary employment service as a MIG welder at Tradesman.  As part of his employment, he had to move pieces of steel in order to set up jigs for welding.  While moving steel to a jig on June 25, 2001, Ware felt a pull in his lower left groin area.  He experienced pain when this occurred, and as a result, he dropped the piece of steel he was carrying.  He remained at work for the rest of the day, but had to get a coworker to move the pieces of steel to the jig for him.  Ware returned to work the next day and tried to work as usual.  He was in more pain than he had been in the day before, and again his coworker had to move the pieces of steel to the jig for him.  After a couple of hours of work, Ware decided he could not continue and spoke to his supervisor about the situation. 
Ware told his supervisor that he thought he may have a hernia.  His supervisor advised him to call Tradesman International.  Ware explained the situation to Tradesman and advised them that he was going to see his family physician, Dr. Kevin Smith.  Tradesman requested that he also see a doctor at Doctors Care.
Ware went to see Dr. Smith first and then, on the same day, went to Doctors Care and saw Dr. Peter Manos.  During his visit with Dr. Smith on June 26, 2001, Ware explained the events and pain that lead to him seeking treatment.  He also told Dr. Smith that he had noticed a slight swelling in his lower left groin approximately ten days prior to feeling the pull while moving the steel at work.  Based on an examination, Dr. Smith diagnosed Ware as having a left inguinal hernia.  Ware was given the same diagnosis by Dr. Manos at Doctors Care.  On February 08, 2002, Dr. Manos specifically stated that Wares hernia was caused by lifting a heavy object at work on June 25, 2001. 
On July 19, 2001, Dr. Benjamin Risinger, a general surgeon, performed surgery on Ware to repair his hernia.  Hours after the surgery, Ware started bleeding and experiencing severe pain, and he had to be transported by ambulance to the emergency room.  Due to postoperative bleeding and a massive scrotal hematoma with a probable testicular artery injury,  Ware underwent a second surgery the following day.  Ware has experienced pain, depression, severe anger, and loss of sexual function as result of his injuries.     Ware has not been able to return to work since June 27, 2001.  
On September 6, 2001, Ware filed a Form 50, seeking compensation for his injuries, treatment, and lost wages.  On October 22, 2002, the Single Commissioner found that on June 26, 2001, Ware sustained an injury from an accident arising out of and in the course of his employment, resulting in a hernia.  The Single Commissioner also found that the hernia did not exist before the accident.  He ordered the Appellants to pay Ware for all causally related medical treatment and expenses and to pay Ware $313.26 per week for all periods of total disability from June 25, 2001 until further order or agreement.  The Appellants appealed the Single Commissioners decision to the Commission.       
On June 17, 2003, the Commission unanimously affirmed the Order of the Single Commissioner.  Thereafter, the Appellants appealed the Commissions decision to the circuit court.  On November 5, 2004, the circuit court affirmed the Commissions decision.  This appeal followed.           
LAW/ANALYSIS
The Administrative Procedures Act establishes the standard of review for decisions by the Workers Compensation Commission.  S.C.Code Ann.   §1-23-380 (2005); Lark v. Bi-Lo, Inc., 276 S.C. 130, 132, 276 S.E.2d 304, 305 (1981).  The appellate courts review is limited to deciding whether the commissions decision is unsupported by substantial evidence or is controlled by some error of law.  Hendricks v. Pickens County, 335 S.C. 405, 411, 517 S.E.2d 698, 701 (Ct. App. 1999).  Substantial evidence is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.  Miller by Miller v. State Roofing Co., 312 S.C. 452, 454, 441 S.E.2d 323, 324-25 (1994) (quoting Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981)). 
A judgment upon which reasonable men might differ will not be set aside.  Todds Ice Cream, Inc. v. South Carolina Employment Sec. Commn, 281 S.C. 254, 258, 315 S.E.2d 373, 375 (Ct. App. 1984).  The final determination of witness credibility and the weight to be accorded evidence is reserved to the Commission.  Ross v. American Red Cross, 298 S.C. 490, 492, 381 S.E.2d 728, 730 (1989).  The reviewing court may not substitute its judgment for that of the [Commission] as to the weight of the evidence on questions of fact. S.C. Code Ann. § 1-23-380(6) (2005).  Where there is a conflict in the evidence, either of different witnesses or of the same witnesses, the findings of fact of the Commission as triers of fact are conclusive.   Hoxit v. Michelin Tire Corp., 304 S.C. 461, 465, 405 S.E.2d 407, 409 (1991).  
In order for a hernia to be a compensable injury under workers compensation in South Carolina, a claimant must prove: 1) that there was an injury resulting in a hernia or a rupture; 2) that the injury or rupture appeared suddenly; 3) that it was accompanied by pain; 4) that the hernia or rupture immediately followed an accident; and 5) that the hernia or rupture did not exist prior to the accident.   S.C. Code Ann. § 42-9-40 (1976).  We find there was substantial evidence presented to satisfy all five elements of the statute.    
Ware testified that while he was moving steel to a jig on June 25, 2001, he felt a pull in his lower left groin area.  Ware experienced pain when this occurred, and as a result, he dropped the piece of steel he was carrying.  Additionally, Ware testified that he initially noticed the injury the day of the accident.  Dr. Smith testified that Ware told him on the day of the accident that the swelling in his lower left groin was hurting.  Dr. Smith also stated that lifting or straining can cause hernias.  Most importantly, the Appellants own doctor, Dr. Manos, specifically stated that Wares hernia was caused by lifting a heavy object at work on June 25, 2001.  Tradesmans general manager for Greenville testified that prior to June 25, 2001, Ware had not experienced problems performing his work activities.  However, Ware testified that as soon as he felt the pull, he experienced pain and had difficultly working.  Thus, there is substantial evidence that Ware suffered an injury resulting in a hernia, the hernia appeared suddenly, it was accompanied by pain, and it immediately followed an accident that occurred while Ware was pulling steel at work.  See Eaddy v. Smurfit-Stone Container Corp., 355 S.C. 154, 161- 62, 584 S.E.2d 390, 394 (Ct. App. 2003).   
The Appellants contend that Ware failed to satisfy the final element of S.C. Code Ann. §42-9-40 (1976), which requires that the hernia or rupture did not exist prior to the accident.  It is undisputed that Ware told Dr. Smith he had noticed swelling in his lower left groin up to 10 days prior to June 25, 2001.   Based on this, Dr. Smith opined that the hernia was present before the accident on June 25, 2001.  However, the Appellants own doctor, Dr. Manos, specifically stated that Wares hernia was caused by lifting a heavy object at work on June 25, 2001.  Both doctors saw Ware in the hours following the accident, and both doctors reached different conclusions on when his hernia first occurred.  Where there is a conflict in the evidence, either of different witnesses or of the same witnesses, the findings of fact of the Commission as triers of fact are conclusive.   Hoxit, 304 S.C. at 465, 405 S.E.2d at 409.  Therefore, the Commissions findings on the timing and the cause of the hernia are conclusive.  Accordingly, the order of the circuit court is 
AFFIRMED. 
GOOLSBY, ANDERSON, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.