THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Brenda Miller, Appellant,
 
 
 
 
 

   v.

 
 
 
 
 South Carolina
 Department of Vocational Rehabilitation, Employer, State Accident Fund,
 Carrier, Respondents.
 
 
 
 
 

Appeal From Richland County
 Appellate Panel, Workers' Compensation
Commission

Unpublished Opinion No. 2011-UP-002
 Submitted November 1, 2010  Filed January
20, 2011

AFFIRMED

 
 
 
 J. Marvin Mullis, of Columbia, for
 Appellant.
 Cynthia Burns Polk, Matt Robertson, and
 Ajerenal Danley, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Brenda Miller appeals the South Carolina Workers' Compensation
 Commission's order, contending the Commission erred in finding: (1) injuries to
 certain body parts were not compensable; (2) she failed to prove compensability
 for regional pain syndrome (RSD) of her right arm; and (3) Dr. Green Neal was not
 authorized for payment or treatment.  We affirm[1] pursuant to Rule 220(b),
 SCACR, and the following:
1. We find no reversible error in the
 Commission's findings regarding compensability of certain body parts.  See Shealy
 v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (stating
 that in workers' compensation cases, the Commission is the ultimate finder of
 fact); Hoxit v. Michelin
 Tire Corp., 304 S.C. 461, 465, 405 S.E.2d 407, 409 (1991) (finding where
 there is conflicting evidence, the findings of fact of the Commission are
 conclusive).
2. We likewise find no reversible
 error in the Commission's finding of Miller's failure to prove compensability
 for RSD.  See S.C. Code Ann. § 42-1-160(E) (Supp. 2009) (requiring an
 employee to establish an injury arose in the course of employment by medical evidence
 in medically complex cases); Lark v. Bi-Lo, Inc., 276 S.C. 130, 136, 276
 S.E.2d 304, 307 (1981) (finding this court may not substitute its judgment for
 that of the Commission as to the weight of the evidence on questions of fact); Pack
 v. S.C. Dep't of Transp., 381 S.C. 526, 536, 673 S.E.2d 461, 466-67 (Ct.
 App. 2009) (finding the
 Commission need not accept or believe medical or other expert testimony, even
 when it is uncontroverted).
3. We affirm the Commission's finding
 regarding payment of medical care by Dr. Neal.  See S.C. Code Ann. Regs.
 67-509(A) (1990) ("The employer's representative chooses an authorized
 health care provider and pays for authorized treatment."); Hall v.
 United Rentals, Inc., 371 S.C. 69, 86-87, 636 S.E.2d 876, 885-86 (Ct. App.
 2006) (discussing the rights and limitations of employers and employees in
 choosing medical providers in workers' compensation actions); Clark v. Aiken
 County Gov't, 366 S.C. 102, 114, 620 S.E.2d 99, 105 (Ct. App. 2005)
 (explaining that although the claimant was justified in seeking treatment by an
 unauthorized provider, the more appropriate procedure would have been to seek
 an order from the Commission).  
AFFIRMED.
FEW, C.J.,
 SHORT and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.