**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Worthen, Employee, Appellant,

v.

Laurens County, Employer, and SC Association of Counties SIF, Carrier, Respondents.

Appellate Case No. 2013-001515

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2015-UP-049
Heard December 10, 2014 – Filed January 28, 2015

---

**AFFIRMED**

---

Monty D. Desai and John Matthew Whitehead, both of The Carolina Law Group, LLC, of Greenville, for Appellant.

Richard B. Kale, Jr. and Zachary McIver Smith, both of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondents.

---

**PER CURIAM:** Michael Philip Worthen (Appellant) appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission

(Appellate Panel) denying his claim for benefits under the South Carolina Workers' Compensation Act on the grounds that his heart attack did not constitute an injury by accident arising out of and in the course of his employment. Appellant argues substantial evidence in the record does not support the Appellate Panel finding (1) his heart attack was not induced by unexpected strain or overexertion in the performance of his duties as an EMT for Laurens County, or by the unusual and extraordinary conditions of his employment; and (2) his defibrillator implantation, coronary artery bypass surgery, and lost time from work were not causally related to Appellant's heart attack. We affirm.

1. We find the Appellate Panel properly concluded Appellant's heart attack was not a compensable injury by accident arising out of and in the course of his employment. *See* S.C. Code Ann. § 42-1-160 (Supp. 2013) (stating workers' compensation benefits are recoverable if the claimant sustains an "injury by accident arising out of and in the course of employment"); *Lockridge v. Santens of Am., Inc.*, 344 S.C. 511, 520, 544 S.E.2d 842, 847 (Ct. App. 2001) ("The general rule is that a heart attack is compensable as a worker's compensation accident if it is induced by unexpected strain or overexertion in the performance of the duties of [the] claimant's employment[,] or by unusual and extraordinary conditions of employment." (citing *Hoxit v. Michelin Tire Corp.*, 304 S.C. 461, 464, 405 S.E.2d 407, 409 (1991))). Specifically, based on the record as a whole, we find substantial evidence supports the Appellate Panel finding Appellant's heart attack was not compensable because the act of lifting the 262-pound patient—with the assistance of his partner—did not constitute (1) an unexpected strain or overexertion in the performance of his duties of employment, or (2) unusual and extraordinary conditions of his employment. *See Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 22, 716 S.E.2d 123, 126 (Ct. App. 2011) ("The South Carolina Administrative Procedures Act establishes the substantial evidence standard for judicial review of decisions by the [Appellate Panel]. Under the substantial evidence standard of review, this court may not substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact . . . ." (internal quotation marks and citations omitted)); *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the [Appellate Panel] reached." (citation omitted)); *id.* ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the [Appellate Panel,] and it is not the task of [this] court to weigh the evidence as found by the [Appellate Panel]." (citation omitted)).

2.  Because we find substantial evidence supports the Appellate Panel's conclusion that Appellant's injury was not compensable, we need not address the remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**