LUCIAN SPENCE *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 6895)

Submitted February 18, 1931. Decided February 24, 1931.

*W. L. Taylor*, for appellant.

*H. B. Lee*, Attorney General, and *R. Dennis Steed*, Assistant Attorney General, for respondents.

MAXWELL, JUDGE:

Lucian Spence, claimant, was injured by a fall of slate July 31, 1929, while in the employ of the West Virginia Coal and Coke Company at Micco, Logan County. He was treated by Dr. Ernest R. Logan, who reported his injuries to the commissioner as "contusion of head, left shoulder, elbow and back," and who discharged him from his care August 15, 1929. Claimant was allowed compensation for 1 2/7 weeks' disability and was awarded a total of $16.55 in October, 1929, at which time the claim was declared closed. The efforts of claimant to secure an increase in compensation resulted in denial of the same by final order of the commissioner, May 16, 1930. Objection was duly made to that order and this appeal followed. There was no supplemental hearing as contemplated by the statute *(Enyart v. Commissioner, 109 W. Va. 613, 155 S. E. 913)*, but the commissioner makes no point of that fact.

The record discloses the important fact that from an examination of an X-ray of claimant's chest taken at the Hatfield-Lawson Hospital October 11, 1929, four doctors pronounced that claimant had a fracture of the sternal end of the right clavicle. Nor is the report controverted except perhaps by Dr. Logan who stated in a letter to the commissioner that before he could say whether there was a fracture he would require a more definite picture. No reason is advanced for this condition except the injury of July 31, 1929; in fact, three of the four doctors state that such condition was due to his injury.

The injury to the clavicle was not known to the commissioner when he closed the claim October 2, 1929. It was brought to his attention subsequently, but no increase based thereon was allowed. From definite proof it appears that claimant before his injury was a strong, healthy man and that thereafter, because of his condition, he has been unable to return to work except for perhaps a few days.

The commissioner should have made an increased award. In a case such as at bar where there was an injury existing from the date of an accident, not discovered by the physicians or considered by the commissioner in fixing the original award, there is presented a matter going to the basis of claimant's right within the meaning of section 43, chapter 71, Acts 1929, just as much as though it were a further disability arising from the injury subsequent to the date of the original determination of the matter by the commissioner. The latter sort of situation was dealt with in the case of *Hall* v. *Commissioner,* 109 W. Va. 230, 153 S. E. 510, and discussed in *Enyart* v. *Commissioner, supra.*

In the light of the foregoing, we reverse the order of May 16, 1930, and remand the case for determination by the commissioner of the amount of increased award due claimant under the statutory schedules.

*Reversed and remanded.*