13201

STATE v. CRAIG

(159 S. E., 559)

*Mr. C. S. Bowen,* for appellant,

*Mr. Robert T. Ashmore, County Solicitor,* for the State.
July 15, 1931.

The opinion of the Court was delivered by MR. JUSTICE
STABLER.

The defendant was tried in the Greenville County Court
on a charge of abandonment and non-support of his wife.
At the trial, he represented himself and was convicted and
sentenced. He then employed counsel, who made a motion
for a new trial, which was refused, and appeal is now made
to this Court.

The statute under which the conviction was had is as fol-
lows: "Any able-bodied man or a man capable of earning
or making a livelihood who shall, without just cause or
excuse, abandon or fail to supply the actual necessaries of
life to his wife   *   *   *   shall be deemed guilty of a mis-
demeanor.   *   *   *" 1925 Statutes, 143.

After reading this statute to the jury and telling them
that the indictment was drawn under it, the Court gave the
following instructions (numerals added): "(1) If you are
satisfied beyond a reasonable doubt that this man has failed
to provide for his wife and has not sufficient cause not to
do so, he is guilty. (2) The evidence is for you as to
whether or not he left her—if he does not treat her as a
wife should be treated, she does not have to live with him.
(3) A wife is required to go to the home the husband pro-
vides and he must provide it. (4) If he does not provide
the necessities of life and you are so satisfied beyond a rea-
sonable doubt you will find him guilty; if not so satisfied,
you will find him not guilty."

Appellant complains that the Court erred in charging
(1) since this instruction excluded the defense of
"excuse" given to him by the Act and limited his de-
fense to "just cause," the contention being that the latter
is a higher requirement than the former.

The word "cause" means "that which occasions or effects a result"; the word "excuse" is derived from *ex causa* and means "that which is offered as a reason for being excused; a plea offered in extenuation of a fault or irregular deportment; that which extenuates or justifies a fault." A cause is a state of facts from which a certain condition, commonly called a result or effect, arises; an excuse is that plea or statement made by the accused which arises out of the state of facts constituting and relied on as the cause. It is quite evident that the distinction between the two words as used in the statute is largely metaphysical, and, under the testimony in this case, the failure to include "excuse" in the charge as a defense could not possibly have had any effect on the minds of the jury. This conclusion is strengthened by the fact that the trial Judge read the statute to the jury, thus presenting to them just cause or excuse as a valid defense.

The difference in meaning between the words "justifiable" and "excusable" as used in connection with "homicide" is urged by appellant as illustrative of the distinction he here contends for. His argument is not convincing. The distinction between "justifiable" homicide and "excusable" homicide was originally a very practical matter, the former carrying no penalty whatever, and the latter carrying forfeiture of goods. Aside from the fact that, due to the abolition of the forfeiture, the distinction is now hardly more than theoretical, we do not think that, even as it originally existed, it would control the construction of the statute at bar, for the reason, if no other, that there is here no difference in result, whether the defense established be "just cause" or "excuse," no penalty attaching in either instance.

Appellant complains as to instructions (2) and (4) in that the trial Court failed to lay down any rule or standard to guide the jury in deciding whether he had treated his wife "as a wife should be treated," or

as to what would constitute the "necessaries of life," but left the jury to apply any standard they might think proper. The objection cannot be sustained; if the appellant desired more specific instructions, he should have requested them.

Error is also assigned to the trial Judge in failing to ■ charge the jury that the abandonment of a husband by his wife, without just cause or excuse, releases him of the duty to support her. In view of instruction (3), in which the Court told the jury, without qualification, that a wife is required to go to the home that the husband provides, appellant has no just grounds for complaint.

The charge is not a model one, but, for the reasons we have indicated, we find no reversible error.

The exception to the refusal of the motion for a new trial is disposed of by what we have already said.

The judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, CARTER and BONHAM concur.