17743

Fred A. KRELL, Appellant, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Respondent

(118 S. E. (2d) 322)

*Thomas Kemmerlin, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *David Aiken, Assistant Attorney General,* of Columbia, *for Respondent,*

February 3, 1961.

TAYLOR, Justice.

This is a workmen's compensation case.

Claimant, while working for the South Carolina State Highway Department, developed kidney trouble unconnected in any way with his employment, and on March 13, 1942, had his left kidney removed. On October 18, 1942, claimant consulted his physician and was informed that the kidney incision was healed and was dismissed from further treatment. Claimant returned to work and on November 20, 1942, fell from a stool while reaching for some papers while on his job with the respondent. As a result of this fall claimant received a back injury and an operation on his back made necessary by this injury was performed in December of 1944.

Claim was filed with the South Carolina Industrial Commission and on August 30, 1945, October 26, 1945, and December 19, 1945, hearings were held before Commissioner W. Raymond Johnson. On April 24, 1946, the Commissioner filed an opinion and award in favor of the claimant. No appeal was taken from this opinion and award. Within the time allowed by statute, claimant applied for a review of award on change of condition. On January 26, 1955, and December 13, 1955, hearings were held before Commissioner John W. Duncan, who, on November 26, 1957, filed an opinion and award denying claimant any further benefits under the Workmen's Compensation Law. Application was duly made to the Industrial Commission for a review thereof; and on June 25, 1958, the Industrial Commission affirmed the single Commissioner. Claimant then appealed to the Court of Common Pleas for Richland County. After hearing, the Honorable George T. Gregory, Jr., on March 14, 1960, filed an order overruling all exceptions and affirming the award of the Industrial Commission; and it is from this order that claimant now appeals to this Court contending that the uncontradicted evidence shows

that the claimant sustained a compensable injury and, further, that the Industrial Commission failed to make an award, findings of fact and conclusions of law as required by Section 72-354, Code of Laws of South Carolina, 1952.

In passing upon the question of compensable injury, the Commission found as a fact that claimant did not sustain "any hernia condition as a result of his aforesaid injury by accident of November 20, 1942" and cites Sec. 72-154, Code of Laws of South Carolina, 1952, which provides:

"In all claims for compensation for hernia or rupture, resulting from injury by accident arising out of and in the course of the employee's employment, it must be definitely proven to the satisfaction of the Commission:

"(1) That there was an injury resulting in hernia or rupture;

"(2) That the hernia or rupture appeared suddenly;

"(3) That it was accompanied by pain;

"(4) That the hernia or rupture immediately followed an accident; and

"(5) That the hernia or rupture did not exist prior to the accident for which compensation is claimed."

Claimant contends that he was suffering from an incisional hernia and, therefore, the rule heretofore referred to does not apply. The Circuit Court ruled against this contention and affirmed the findings of fact as determined by the Commission. Nowhere in the original hearing was any reference made to an "incisional hernia" or "break in the left side wall" as a result of the accident of November 20, 1942. The award was made and compensation paid claimant for "injury to his back * * * resulting in the necessity of an operation"; and there was no appeal from this award and the file closed.

On April 23, 1947, three days before the ending of the statute of limitations period, claimant filed claim and request for hearing thereon. In claimant's application for re-

view on change of condition, he gave his reason as being "that the break in his left side wall again began giving him trouble." However, at the latter hearing, he took the position that he had a hernia as a result of his accident of November 20, 1942, and that the hernia was not considered in the original award.

If a review of a compensation agreement or settlement is sought on the change in the condition of the employee, a change in condition must be shown, and it must be causally connected with the original compensable accident. *Weymer v. Industrial Commission,* 404 Ill. 271, 88 N. E. (2d) 841; *Wallace v. Leitzen,* 243 Minn. 481, 68 N. W. (2d) 372; *Sharfaransky v. Comos Footwear Corp.,* 277 App. Div. 803, 96 N. Y. S. (2d) 706; *Macedo v. Atlantic Rayon Corp.,* 81 R. I. 339, 103 A. (2d) 64; and *Cromer v. Newberry Cotton Mills et al.,* 201 S. C. 349, 23 S. E. (2d) 19, 28, in which this Court stated:

"It is not the province of this Court to determine whether the greater weight of the evidence supported the finding that a change had taken place in the condition of the claimant such as would warrant an extension or enlargement of the award, or whether the greater weight of the evidence supported the finding that such change resulted from the injury of September 10, 1940. Such facts must be determined by those whose duty it is to find the facts. The duty of this Court is to determine whether there was any competent evidence in support of the findings of the fact-finding tribunal. The transcript of record contains the testimony of those who were in intimate association with the claimant, and it contains also the expert testimony of several physicians, and other evidence, upon which the findings of fact in the case could be, and were, made by the fact-finding tribunal, and this Court is bound thereby."

In a reopening proceeding, the issue before the Commission is sharply restricted to the question of extent of improvement or worsening of the injury on

which the original award was based. If claimant sustained injuries at the time of the original action which he knew about at the time of his claim but for some reason failed to include in the claim, he cannot for the first time assert disability from these injuries in a petition based on "Change of condition." *Comer v. Standard Oil Co.,* 131 Me. 386, 163 A. 269; *MacKinnons Case,* 286 Mass. 37, 190 N. E. 117; *Spence v. State Comp. Comm.,* 110 W. Va. 162, 157 S. E. 164; Larson's Workmen's Compensation Law, Vol. 2, page 333; *Cromer v. Newberry Cotton Mills et al., supra.*

There is no contention of any accident other than that of November 20, 1942. No claim was filed for a hernia, and there is nothing in the record to show that such existed at the time of the award. The Commission found as a fact that claimant did not sustain "any hernia condition as a result of his aforesaid injury by accident of November 20, 1942," and there is ample evidence to support these findings. We are, therefore, bound thereby.

In the conclusions of law the Commission set forth Sec. 72-154, Code of Laws of South Carolina, 1952 (known as the hernia section) as being applicable and claimant contends that an "incisional hernia" is not a "hernia" within the meaning of the act.

The hearing Commissioner having determined that claimant received no such injury on November 20, 1942, and there being evidence to sustain such finding, it is unnecessary to determine here whether such injury is controlled by Sec. 72-154, Code of Laws of South Carolina, 1952.

For the foregoing reasons, we are of opinion that the order appealed from should be affirmed and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.