## 2060

Barbara OWENBY, Appellant v. OWENS CORNING FIBERGLAS and Standard Fire Insurance Company, Respondents.

(437 S.E. (2d) 130)

Court of Appeals

*V. Laniel Chapman* and *Bruce A. Byrholdt,* of *Chapman, King & Byrholdt,* Anderson, *for appellant.*

*J. Victor McDade,* of *Doyle & O'Rourke,* Anderson, *for respondents.*

Submitted May 10, 1993.

Decided Aug. 9, 1993.

*Per Curiam:*

Barbara Owenby (Owenby) sustained an injury on May 5, 1986, when a piece of glass became embedded in her finger. The finger eventually became infected and had to be partially amputated. Owenby filed a workers' compensation claim and a hearing was held on November 18, 1987. The single commissioner awarded her benefits for the loss of twenty-five percent of her finger. The commissioner, however, denied benefits for psychological injury, finding that the evidence she presented in support of her claim was not credible. He found that any psychological problems suffered by Owenby were not proximately caused by the injury to her finger. The full commission and the circuit court affirmed the decision of the single commissioner. Owenby did not appeal.

Subsequently, Owenby filed a change of condition form based on the amputation of an additional portion of her finger and the worsening of her psychological condition. The single commissioner awarded an additional twenty-five percent for the loss of the additional portion of her finger, but denied an award for psychological injury, finding it barred by res judicata. The full commission deleted the commissioner's res judicata finding. Instead, the commission found insufficient credible evidence to support Owenby's claim for psychological injury and affirmed the remaining findings. The circuit court reversed the commission's res judicata ruling and affirmed the

single commissioner's order. Owenby appeals. We affirm.[1]

The doctrine of res judicata prevents the relitigation of issues previously decided between the same parties.

The doctrine requires three essential elements: (1) the judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in the first; and (3) the second action must involve matter properly included in the first action. *Lafitte v. Tucker*, 216 S.C. 201, 57 S.E. (2d) 255 (1950).

All three elements are present in the case at hand. In the first action, the trial court affirmed the single commissioner's finding that any psychological problems suffered by Owenby did not result from her injury and were not compensable. The trial court's order was not appealed and, therefore, became a final, valid judgment on the merits. The parties are identical to those in the first action and the issue is the same. Moreover, there is ample evidence of record that any psychological problems currently suffered by Owenby are a continuation of her previously existing condition which was ruled upon in the initial action.

Additionally, Owenby sought review of the award based on a change of condition under South Carolina Code Ann. § 42-17-90 (Supp. 1989).[2] Under the section 42-17-90, the review is "sharply restricted to the question of extent of improvement or worsening of the injury on which the original award was based." *Krell v. South Carolina State Hwy. Dept.* 237 S.C. 584, 588-89, 118 S.E. (2d) 322, 324 (1961) *citing Cromer v. Newberry Cotton Mills*, 201 S.C. 349, 23 S.E. (2d) 19 (1942). The statute, therefore, is not applicable to a claim which was not previously compensated. Thus, Owenby cannot argue that her psychological disability claim is the same for the purpose of review under section 42-17-90, yet different for the purpose of avoiding res judicata. Accordingly, we hold that the psychological disability claim was raised,

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

[2] In her brief Owenby states that the doctrine of res judicata "has no place when the issue being litigated between the parties are [sic] presented under the change of condition procedure of § 42-17-90." No authority is provided for this proposition and our research reveals none.

ruled upon and not appealed and is, therefore, barred by the doctrine of res judicata. We affirm the appealed order.

For the foregoing reason, we affirm.

Affirmed.