482 S.E.2d 577

Charles ESTRIDGE, Appellant,

v.

JOSLYN CLARK CONTROLS, INC. and Liberty Mutual Insurance Co., Respondents.

No. 2622.

Court of Appeals of South Carolina.

Submitted Oct. 8, 1996.

Decided Jan. 20, 1997.

Rehearing Denied March 20, 1997.

---

Frank A. Barton and J. Marvin Mullis, Jr., both of Mullis & Barton, Columbia, for appellant.

Beverly A. Carroll and W. Keith Martens, both of Kennedy, Covington, Lobdell & Hickman, Rock Hill, for respondents.

HOWARD, Judge:

In this workers' compensation case, Charles Estridge (Estridge) appeals from the circuit court order affirming the denial of temporary total benefits and compensation for psychological injuries allegedly arising out of his physical injuries. We reverse and remand.[1]

## FACTS

Estridge sustained injuries in a series of admitted accidents in the course of his employment at Joslyn Clark Controls. The accidents occurred on January 27, 1989, June 5, 1990 and August 29, 1990. According to Estridge, the repetitive movement of "cranking" injured his left elbow, and later, his right elbow. This, in turn, led to his back, neck, and right shoulder injuries.

The parties agreed to incorporate the injuries into one claim. The single commissioner found Estridge sustained injuries to his elbows, neck and right shoulder area in an order dated June 11, 1991. The commissioner also found Estridge was in need of an MRI scan prior to reaching conclusions as to his condition.

Following the MRI, a subsequent hearing was held on June 19, 1991. Estridge presented testimony from a vocational rehabilitation specialist indicating Estridge was not exaggerating his physical symptoms, but was depressed, fatigued, and anxious because of his physical symptoms. Although Estridge scored high on both the depression and hysteria scales in an

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

MMPI,[2] the expert opined: "Persons having his profile usually make a very good response to medical treatment. They don't need a whole lot of counseling or handling in that fashion."

By order dated November 27, 1991, the commissioner found Estridge had reached maximum medical improvement on June 14, 1991. He awarded Estridge permanent disability benefits for 28% permanent disability of the back and 5% permanent disability of the right upper extremity. The commissioner made no findings regarding any nervous condition.

On appeal to the full commission, Estridge argued "[t]he commissioner erred in failing to find that the Claimant was entitled to psychological help or support, there being substantial evidence in the record that claimant suffered from psychological problems due to his injuries and that he was unable to return to work." The commission affirmed the single commissioner's order in its entirety without specifically addressing the alleged mental aspect of Estridge's condition. This order was not appealed.

Estridge filed another application for benefits on September 10, 1993, alleging a change of condition in his left elbow and in his "nervous condition." In a hearing on this application, the same vocational expert testified Estridge's mental condition had significantly deteriorated. Based on a recently administered MMPI, he concluded Estridge had elevated levels on the paranoia, schizophrenia and psychothenia scales. Even excluding his other physical limitations, he concluded Estridge was not employable because of his declining nervous condition. This testimony was corroborated by a doctor of psychology.

Following that hearing, the single commissioner found Estridge's left arm had worsened and he was entitled to an operation on it as a result of the change of condition. The commissioner denied Estridge's claim for resumption of temporary total compensation or for treatment regarding his nervous condition. The commissioner concluded he could not consider any evidence as to Estridge's mental condition. The basis for the conclusion was that Estridge's mental condition was not included as an injury in the award of November 27, 1991.

---

2. Minnesota Multiphasic Personality Inventory.

The full commission and the circuit court affirmed the single commissioner. The circuit court also concluded Estridge's claim for benefits arising from the alleged psychological injury was not raised in the original claim for compensation. In the alternative, if the claim was properly raised, the circuit court held the claim was barred by res judicata. Additionally, the circuit court held the claim was not compensable because Estridge failed to establish the condition resulted from an unusual and extraordinary condition of employment.

## SCOPE OF REVIEW

Under our scope of review, the findings of the commission will not be set aside if they are supported by substantial evidence and not controlled by legal error. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981); *Green v. City of Columbia*, 311 S.C. 78, 427 S.E.2d 685 (Ct.App.1993).

## ISSUES PRESENTED ON APPEAL

Estridge raises four issues on appeal, but they may be fairly summarized in two categories. First, Estridge asserts the circuit court was in error by affirming the denial of temporary total benefits. Second, he argues the court erred in concluding the mental claim was not compensable under a change of condition or on principles of res judicata. Because we conclude the resolution of the second issue compels reconsideration of the denial of temporary benefits, we will address it first.

The single commissioner found the nervous or mental condition was not compensable in an application for further benefits based on a change in conditions because it was not included as an injury in the order of June 19, 1991 or in the award of November 27, 1991. The full commission affirmed this conclusion. The circuit court agreed, concluding that the issue not only had not been decided, but had not even been raised to the single commissioner in the initial proceedings. The circuit court also concluded the issue was foreclosed by res judicata principles, in accordance with *Owenby v. Owens Corning Fiberglas*, 313 S.C. 181, 437 S.E.2d 130 (Ct.App.1993). Lastly, the circuit court concluded an award based on the mental injury was not sustainable as a separate injury because Es-

tridge had not established his mental condition resulted from an unusual and extraordinary condition of employment.

S.C.Code Ann. § 42–17–90 (1985) provides as follows:

Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the order changing the award. No such review shall affect such award as regards any moneys paid and no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this Title.

Our supreme court has recognized the purpose of this section is to allow the commission to terminate compensation in cases where the change in condition amounts to a complete recovery; to increase compensation where the facts of the case reveal that the change in condition is for the worse; and to allow it to diminish compensation where the change in condition is for the better. *Cromer v. Newberry Cotton Mills*, 201 S.C. 349, 23 S.E.2d 19 (1942).

In *Krell v. South Carolina State Highway Dep't*, 237 S.C. 584, 118 S.E.2d 322 (1961), relied on in *Owenby*, the supreme court recognized the principle that this section was limited to the consideration of a change in condition of the injury on which the original award was made. In that case, the court stated: "If a review of a compensation agreement or settlement is sought on the change in the condition of the employee, a change in condition must be shown, and it must be causally connected with the original compensable accident." *Krell*, 237 at 589, 118 S.E.2d at 323. The court further amplified: "In a reopening proceeding, the issue before the Commission is sharply restricted to the question of extent of improvement or worsening of the injury on which the original award was based." *Id.* at 588–89, 118 S.E.2d at 323.

Thus, the initial question presented is whether Estridge's mental condition may properly be considered as causally connected to his original, compensable accident. If the mental condition was not causally connected or is a separate

injury which could have been included in the original claim, but was not, then it cannot be considered under a "change in condition." Conversely, if it is causally connected and is a newly manifested symptom of his original injury which has caused a worsening of his condition, then it is properly considered, and the commission was in error in refusing to do so.

The single commissioner concluded Estridge's claim for psychological injury was precluded by the holding in *Krell* and *Owenby* that the issues are severely restricted to a reconsideration of the injury on which the original award was made. This issue requires consideration of whether the psychological impact of Estridge's injuries constitutes a separate injury. The definition of "injury" and "personal injury" found in S.C.Code Ann. § 42-1-160 (1985) is not helpful.[3] However, we conclude our supreme court has resolved this issue in the cases of *Kennedy v. Williamsburg Co.*, 242 S.C. 477, 131 S.E.2d 512 (1963) and *Stokes v. First Nat'l Bank*, 298 S.C. 13, 377 S.E.2d 922 (Ct.App.1988), *aff'd*, 306 S.C. 46, 410 S.E.2d 248 (1991).

▪ In *Kennedy*, the supreme court recognized as compensable a total disability resulting from the onset of schizophrenia causally related to a physical injury to the head. Subsequently, in *Stokes*, our court recognized as compensable a disability for a nervous breakdown causally related to a psychological, work-related injury. In so holding, we stated "[M]ental injuries are compensable if ... the mental injury is induced either by physical injury as in *Kennedy* or by unusual or extraordinary conditions of employment." *Stokes*, 298 S.C. at 21, 377 S.E.2d at 926. Where, as in *Kennedy*, the mental injury is *induced* by physical injury, it is not necessary that it result from unusual or extraordinary conditions of employment.

▪ A condition which is induced by a physical injury, is thereby causally related to that injury. *State v. Craig*, 161 S.C. 232, 159 S.E. 559 (1931) (defining cause as that which produces an effect). *See also Black's Law Dictionary* 221 (6th ed. 1990) (defining cause as "[T]o make to induce....") It is

---

3. S.C.Code Ann. § 42-1-160 (1985) defines the terms "injury" and "personal injury" as "only injury by accident arising out of and in the course of the employment...."

a new symptom manifesting from the same harm to the body. In such circumstances, it may properly be compensated in a change of condition proceeding as a part of the original injury. We therefore conclude the single commissioner and full commission committed legal error in ruling they could not consider the mental illness issues raised by Estridge in his change of condition application.

For the same reasons, we conclude the circuit court erred when it ruled as an additional sustaining ground that Estridge had failed to prove his mental condition resulted from an unusual or extraordinary condition of employment. Estridge does not claim a psychological injury caused by unusual or extraordinary conditions of his employment. If he did, it would clearly not be induced by his original injury and would not be compensable as a "change of condition."

The circuit court also concluded Estridge's claim was barred by principles of res judicata. In doing so, the court relied upon *Owenby*, 313 S.C. 181, 437 S.E.2d 130 (Ct.App. 1993). In *Owenby*, the single commissioner concluded the original claim for compensation was limited to the physical manifestations caused by the loss of a portion of the claimant's finger. The commissioner concluded the evidence connecting the alleged psychological injury to the physical injury was not credible and determined the claimant's mental condition was not proximately caused by her physical injury. We ruled the unappealed order finally determined the issue of proximate cause. Therefore, because the mental injury Owenby claimed was not causally connected to her original, compensable accident, it could not be considered in an application based upon a change of condition since that proceeding "is sharply restricted to the question of extent of improvement or worsening of the injury on which the original award was based." *Krell*, 237 S.C. at 588, 118 S.E.2d at 324.

The doctrine of res judicata prevents the relitigation of issues previously decided between the parties. "The doctrine requires three essential elements: (1) the judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in the first; and (3) the second action must involve matter properly included in the first action." *Owenby*, 313 S.C. at 183, 437 S.E.2d at 131.

The doctrine of res judicata only acts to preclude relitigation of issues actually litigated or which might have been litigated in the first action. *Hayes v. Hayes,* 312 S.C. 141, 439 S.E.2d 305 (Ct.App.1993). No such conclusion can be made here.

Unlike the initial award in *Owenby,* neither the order of June 19, 1991 nor the award of November 27, 1991 resolves an issue between these parties as to Estridge's claim for psychological injury. In *Owenby,* a finding of fact was made in the order which finally determined that a legal requirement was not proved; that is, a causal relationship between the alleged psychological condition and the original physical injury. No such finding was made here.

The order and award also cannot be said to resolve a claim for psychological injury by implication, since they are susceptible to the conclusion that Estridge may have had such causally related symptoms, but they did not impact on his condition at that time. Although the evidence presented by the vocational expert at the first hearing indicated a psychological problem had manifested itself, his testimony can be fairly interpreted as discounting any such symptoms as a basis for disability. A symptom which is present and causally connected, but found not to impact upon the claimant's condition at the time of the original award, may later manifest itself in full bloom and thereby worsen his or her condition. Such an occurrence is within the reasons for the code section involving a change of condition. *See Cromer v. Newberry Cotton Mills,* 201 S.C. 349, 23 S.E.2d 19 (1942). Therefore, it is not barred by res judicata in a change of condition proceeding merely because it was not discussed in the initial award.

On remand, it is for the workers' compensation commission to determine whether or not Estridge has suffered a change for the worse based upon a psychological condition causally related to the original injuries on which the award was made. The testimony concerning this condition is relevant on the issue of Estridge's current inability to work and therefore on the second issue presented on appeal concerning his entitlement to temporary disability payments. We therefore find it necessary to remand this issue as well for further consider-

ation consistent with this opinion. For the foregoing reasons, this case is

**REVERSED AND REMANDED.**

HOWELL, C.J., and HUFF, J., concur.