THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Juan Marin, Appellant,
v.
Black & Decker Distribution, Inc., Employer, and Speciality Risk Services, Carrier,
Respondents.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2006-UP-241
Submitted January 1, 2006  Filed May 15, 2006   

AFFIRMED

 
 
 
John S. Nichols, of Columbia, for Appellant.
Garth H. White, of Charlotte, for Respondents.
 
 
 

PER CURIAM: In this workers compensation action, Juan Marin appeals the circuit courts affirmance of the Appellate Panel of the South Carolina Workers Compensation Commissions order denying Marins claim for depression as a change of condition.  We affirm. 1 
FACTS
Marin filed a workers compensation claim against Black & Decker Distribution, Inc., and Speciality Risk Services (collectively Black & Decker), asserting he was injured when a roll of plastic fell on his right leg while he was operating a forklift.  At the hearing on October 24, 2001, the issues presented to the single commissioner were (1) whether Marin was entitled to temporary total disability from March 2, 2001 to July 30, 2001 and (2) whether his alleged depression was causally related to the admitted injury to the foot. 
During the hearing, Marin testified the injury to his foot rendered him unable to walk, which caused him to be depressed because he was unable to support his family.  Marin denied experiencing depression prior to his injury and stated he believed his depression stemmed from his failure to provide for his family.  Marin became emotional when he spoke of his daughters behavioral problems at school.  
The single commissioner held Marin was entitled to temporary total disability only from the date of the accident until March 26, 2001, when he was to return to work with restrictions but failed to do so.  She found that if Marin was depressed, the depression was unrelated to the injury and stemmed from his daughters difficulties at school.  Accordingly, the single commissioner concluded Marins claim for depression was not compensable.  
On February 15, 2002, Marin filed a motion to admit additional evidence to the commission, seeking to introduce medical records and a letter from his doctor dated January 15, 2002, in which the doctor opined Marins depression was related to his pain.  The commission denied the motion, finding the evidence sought to be admitted did not meet the criteria of newly discovered evidence, pursuant to South Carolina Regulation 67-707 (Supp. 2005), because it was developed after the hearing.  
On appeal, the commission reversed the single commissioners denial of temporary total benefits after March 26, 2001 but affirmed the denial of additional benefits related to a claim for depression.  Black & Decker appealed the commissions ruling on two issues unrelated to this appeal, and the circuit court affirmed the commission.  Marin did not appeal the commissions decision finding his depression not compensable.
On August 20, 2002, Marin filed a request for a hearing seeking benefits for depression as a change of condition.  At the hearing before the single commissioner, Marin testified since the injury to his foot, he suffered from depression, and because his physical ailments have worsened, he contemplated suicide.  The single commissioner denied Marins claim for depression as a change of condition, finding Marin had previously requested a hearing as to the compensability of his depression and because Marin had not appealed the decision finding his depression not compensable, that ruling was the law of the case.  Additionally, the single commissioner found the change of condition statute does not allow a claimant to maintain a change of condition claim for an injury that was previously considered and not compensated.  Further, the single commissioner found the doctrine of res judicata barred Marins claim.  
The Appellate Panel of the Workers Compensation Commission affirmed the single commissioner, adopting the single commissioners findings in full.  The circuit court found the decision of the commission was supported by substantial evidence in the record and affirmed that decision.  This appeal followed.
STANDARD OF REVIEW
The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers Compensation Commission.  Lark v. Bi-Lo, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981).  This court can reverse or modify the commissions decision only if the appellants substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.  Shealy v. Aiken County, 341 S.C. 448, 454, 535 S.E.2d 438, 442 (2000); S.C. Code Ann. § 1-23-380(A)(6) (2005).  Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the [commission] reached.  Shealy, 341 S.C. at 455, 535 S.E.2d at 442.  
The determination of whether a claimant experiences a change of condition is a question for the fact finder.  Krell v. S.C. State Hwy. Dept., 237 S.C. 584, 588, 118 S.E.2d 322, 323-24 (1961).   
LAW/ANALYSIS
I.       Change of Condition
Marin argues his claim for depression was not barred by the doctrine of res judicata but rather was compensable as a change of condition.  We disagree.  
Under the doctrine of res judicata, a litigant is barred from raising issues previously adjudicated between the parties in a subsequent action.  Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Commn of S.C., 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987).  Res judicata requires three elements:  (1) a judgment that is final, valid, and on the merits; (2) the parties in the second action are identical to those in the first; and (3) the subsequent action must involve a subject matter properly included in the first action.  See Owenby v. Owens Corning Fiberglas, 313 S.C. 181, 183, 437 S.E.2d 130, 131 (Ct. App. 1993).  
However, our workers compensation statute allows for consideration of a change of condition.  South Carolina Code section 42-17-90 (1985) provides:

Upon its own motion or upon the application of any party in interest on the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the order changing the award.  No such review shall affect such award as regards any moneys paid and no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this Title.

This section is limited to the consideration of a change in condition of the injury on which the original award was made.  Estridge v. Joslyn Clark Controls, Inc., 325 S.C. 532, 537, 482 S.E.2d 577, 580 (Ct. App. 1997).  A change in condition occurs when a claimant undergoes a change in condition as a result of the original injury, occurring after the first award has been made.  Causby v. Rock Hill Printing & Finishing Co., 249 S.C. 225, 227, 153 S.E. 2d 697, 698 (1967).  To be compensable, a mental condition must be induced by a compensable physical injury or by unusual or extraordinary conditions of employment.  Getsinger v. Owens-Corning Fiberglas, 335 S.C. 77, 80, 515 S.E.2d 104, 106 (Ct. App. 1999).  In order to establish a modification based on a change of condition, the claimant must show a change of condition, and the change must be based upon a causal connection to the original compensable accident.  Krell v. S.C. State Highway Dept, 237 S.C. 584, 588, 118 S.E.2d 322, 323 (1961) (citations omitted).  Seeking review as a change of condition is not available as an alternative to, or substitute for, an appeal.  Gattis v. Murrells Inlet VFW # 10420, 353 S.C. 100, 109, 576 S.E.2d 191, 195 (Ct. App. 2003). 
We agree with the circuit court that Owenby v. Owens Corning Fiberglas, 313 S.C. 181, 437 S.E.2d 130 (Ct. App. 1993), is applicable to the present case.  In Owenby, the claimant suffered a work-related injury when a piece of glass became embedded in her finger.  The finger became infected and had to be partially amputated.  The circuit court and Full Commission affirmed the Single Commissioners denial of benefits for psychological injury.  The claimant did not appeal.  Subsequently, the claimant filed a change of condition form based upon the full amputation of her finger and the worsening of her psychological condition.  This court, finding that res judicata barred the claimants claim, stated:

All three elements are present in the case at hand.  In the first action, the trial court affirmed the single commissioners finding that any psychological problems suffered by Owenby did not result from her injury and were not compensable.  The trial courts order was not appealed and, therefore, became a final, valid judgment on the merits.  The parties are identical to those in the first action and the issue is the same.  Moreover, there is ample evidence on the record that any psychological problems currently suffered by Owenby are a continuation of her previously existing condition which was ruled upon in the initial action.

Id. at 183, 437 S.E.2d at 131-32.  
In the present case, the single commissioner in the initial claim found Marins claim for depression not compensable.  Additionally, the single commissioner found if Marin was indeed depressed, his depression was not causally related to his injury.  Rather, the depression stemmed from his daughters behavioral problems at school.  The commission affirmed the ruling.  Because Marin did not appeal from the full commissions order denying benefits for his depression, that ruling became a final, valid judgment on the merits.  It is undisputed the parties are the same in both actions.  Further, Marins claim for depression was fully litigated and decided in the first action.  Marins claim for depression was raised, ruled upon, and not appealed.  
Marin relies on Brayboy v. Clark Heating Co., 306 S.C. 56, 59 n.2, 409 S.E.2d 767, 769 n.2 (1991), for the proposition that a claim for a change of condition may be based upon undiagnosed conditions, resulting from the original injury, which are discovered after the first award.  Marin argues because the depression was undiagnosed by medical providers until after the first hearing, his claim falls within the type of claim contemplated by Brayboy.  Although it is true a change of condition may be based upon undiagnosed conditions that arise subsequent to the hearing, in this case the depression now asserted as a changed condition existed when the commission entered its May 14, 2002 order.  Marin cannot now assert he was unaware of his condition because it was not formally diagnosed when he specifically sought benefits for his depression claim at the first hearing.  Marin repeatedly testified at the first hearing he believed his depression stemmed from his work-related injury.  As stated in the order of the single commissioner adopted in full by the commission, It is noted that the evidence submitted by claimant from Dr. Patterson in addition to claimants own testimony at the first hearing reveals that claimant has complained of depressive symptoms throughout the pendency of this claim.  
Marin asserts his claim is consistent with Gattis.  In Gattis, the claimant filed a Form 50 seeking additional treatments from his doctor.  After a hearing held August 19, 1998, the single commissioner found the claimant had not reached MMI and ordered the employer to pay for the treatment.  At the hearing before the commission, the claimant sought to introduce a letter from the doctor dated August 18, 1998.  The commission refused to allow the admission of the letter, noting that the letter would provide the claimaint with the opportunity for a change of condition request.  The commission held the claimant had reached MMI and denied additional treatments.  No appeal was taken from this order.  The claimant soon thereafter filed a claim for a change of condition.
The commission affirmed the single commissioners holding that a change of condition had occurred effective August 18, 1998.  The circuit court affirmed this ruling.  This court also affirmed.  We held, Because the commission limited its order to a determination of Claimants condition prior to August of 1998, subsequent events, including Dr. Hortons changed diagnosis in August of 1998, were appropriate for consideration in an action alleging a change of condition.  Id. at 109, 576 S.E.2d at 195-96.  We find Gattis inapplicable to Marins case.
In the initial action in the present case, the commission did not place a limit on a timeframe in its consideration of Marins condition.  As stated above, it fully considered Marins claim that his depression was compensable and rejected this claim.
Finally, Marin asserts he is entitled to continuing medical treatment for his depression under Dodge v. Bruccoli, Clark, Layman, Inc., 334 S.C. 574, 514 S.E.2d 593 (Ct. App. 1999).  In Dodge, this court held that the commission may require additional medical care and treatment even if the claimaint had reached maximum medical improved if such treatment would tend to lessen the period of disability.  Id.  at 581, 514 S.E.2d at 597.  The injury for which the claimant in Dodge sought additional treatment was work-related.  In the present case, the commission determined in the initial action that Marins depression was not work-related and as stated above, any claim for depression is now barred by res judicata.  Therefore, Dodge is clearly inapplicable to the present case.  
CONCLUSION
Thus, we find the commissions determination that Marins depression is not compensable as a change of condition is supported by substantial evidence.  For the foregoing reasons, the order of the circuit court affirming the commissions decision is
AFFIRMED.
HEARN, C.J., and HUFF and BEATTY, JJ., concur.  

1 We decide this case without oral argument pursuant to Rule 215, SCACR.