THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Donald Auker, Appellant,
 
 
 

v.

 
 
 
 Ridgeway Health
 and Rehab and The Phoenix Insurance Company, Respondents.
 
 
 

Appeal from the Appellate Panel

Unpublished Opinion No.  2011-UP-510  
 Submitted November 1, 2011  Filed
November 28, 2011

AFFIRMED

 
 
 
 Dennis N. Cannon, Jr., of Camden, for
 Appellant.
 R. Daniel Addison, of Columbia, for
 Respondents.
 
 
 

PER CURIAM:  Donald Auker
 appeals the denial of his request for medical treatment for his left knee by
 the Appellate Panel of the South Carolina Workers' Compensation Commission (the
 Appellate Panel).  On appeal, Auker argues the Appellate Panel erred in finding
 (1) his claim was barred by res judicata and (2) he failed to carry his burden of proof in showing that his
 current need for medical treatment for his left knee was proximately caused by
 his right knee surgery.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the Appellate Panel
 erred in finding Auker's claim was barred
 by res judicata: Estridge v. Joslyn Clark Controls, Inc., 325 S.C. 532, 539-40, 482 S.E.2d 577, 581 (Ct.
 App. 1997) ("The doctrine of res judicata prevents the relitigation of
 issues previously decided between the parties.  The doctrine requires three
 essential elements: (1) the judgment must be final, valid and on the merits;
 (2) the parties in the subsequent action must be identical to those in the
 first; and (3) the second action must involve matter properly included in the
 first action.  The
 doctrine of res judicata only acts to preclude relitigation of issues actually
 litigated or which might have been litigated in the first action." (citation
 and internal quotation marks omitted)).
2.  As to whether the Appellate Panel
 erred in finding Auker failed to meet his burden of proof in showing his current need for medical treatment for
 his left knee was proximately caused by his right knee surgery: Futch v.
 McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting
 an appellate court need not address appellant's remaining issues when its
 determination of a prior issue is dispositive).
AFFIRMED.
SHORT, WILLIAMS, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.