**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shameka S. Green, Employee, Appellant,

v.

Teleperformance Group, Inc., Employer; Zurich North America, Carrier, Respondents.

Appellate Case No. 2015-001380

———

Appeal From The Workers' Compensation Commission

———

Unpublished Opinion No. 2016-UP-355
Submitted April 1, 2016 – Filed July 6, 2016

———

**AFFIRMED**

———

Everett H. Garner, of Holler Garner Corbett Plante Gilchrist & Hayes, of Columbia, for Appellant.

Kelly Fitzharris Morrow and Helen F. Hiser, both of McAngus Goudelock & Courie, LLC, of Columbia, for Respondents.

———

**PER CURIAM:** Shameka S. Green appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission affirming the single commissioner's decision, which found Green failed to prove she suffered a change

of condition and the single commissioner's prior order governed Green's entitlement to future medical treatment. Green argues the Appellate Panel erred in (1) giving greater weight to the deposition testimony of Dr. Frank Noojin, (2) failing to give greater weight to the opinion of Dr. Joseph Jackson, (3) finding Green failed to meet her burden as to change of condition, (4) failing to refer Green for an independent medical examination in order to reconcile the divergent medical opinions and provide a contemporary evaluation, and (5) adopting the findings of the single commissioner wherein he denied Green the opportunity to take Dr. Noojin's deposition subsequent to Dr. Jackson's opinion. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues 1 through 3: S.C. Code Ann. § 42-17-90(A) (2015) ("[T]he [Appellate Panel] may review an award and on that review may make an award ending, diminishing, or increasing the compensation previously awarded, on proof by a preponderance of the evidence that there has been a change of condition caused by the original injury, after the last payment of compensation."); *Gattis v. Murrells Inlet VFW No. 10420*, 353 S.C. 100, 107, 576 S.E.2d 191, 195 (Ct. App. 2003) ("It is not the province of this [c]ourt to determine whether the greater weight of the evidence supported the finding that a change had taken place in the condition of the claimant such as would warrant an extension or enlargement of the award, or whether the greater weight of the evidence supported the finding that such change resulted from the injury . . . . Such facts must be determined by those whose duty it is to find the facts." (quoting *Krell v. S.C. State Highway Dep't*, 237 S.C. 584, 588, 118 S.E.2d 322, 323-24 (1961))); *id.* ("The Administrative Procedures Act establishes the substantial evidence standard of review for factual findings made by the [Appellate Panel]."); *Laws v. Richland Cty. Sch. Dist. No. 1*, 270 S.C. 492, 495-96, 243 S.E.2d 192, 193 (1978) ("'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action."); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."); *Corbin v. Kohler Co.*, 351 S.C. 613, 624, 571 S.E.2d 92, 98 (Ct. App. 2002) ("[T]he [Appellate Panel] determines the weight and credit to be given to the expert testimony."); *Nettles v. Spartanburg Sch. Dist. #7*, 341 S.C. 580, 592, 535 S.E.2d 146, 152 (Ct. App. 2000) ("Where there is conflicting medical evidence, . . . the findings of fact of the [Appellate Panel] are conclusive.");

*Mullinax v. Winn-Dixie Stores, Inc.*, 318 S.C. 431, 435, 458 S.E.2d 76, 78 (Ct. App. 1995) ("The test is whether the decision of the [Appellate Panel] is supported by substantial evidence."); *Causby v. Rock Hill Printing & Finishing Co.*, 249 S.C. 225, 230, 153 S.E.2d 697, 700 (1967) (denying the application for a change of condition when necessity for surgery did not change between the initial hearing and the change of condition hearing).

2. As to issues 4 and 5: S.C. Code Ann. Regs. 67-707(B) (2012) ("When a party seeks to introduce new evidence into the record on a case on review, the party shall file a motion and affidavit with the [Appellate Panel]'s Judicial Department."); S.C. Code Ann. Regs. 67-707(C) (2012) ("The moving party must establish the new evidence is of the same nature and character required for granting a new trial and show: (1) The evidence sought to be introduced is not evidence of a cumulative or impeaching character but would likely have produced a different result had the evidence been procurable at the first hearing; and (2) The evidence was not known to the moving party at the time of the first hearing, by reasonable diligence the new evidence could not have been secured, and the discovery of the new evidence is being brought to the attention of the [Appellate Panel] immediately upon its discovery."); *Martin v. Rapid Plumbing*, 369 S.C. 278, 287, 631 S.E.2d 547, 552 (Ct. App. 2006) ("A conflicting doctor's report created after a hearing does not mandate a new trial."); *Holcombe v. Dan River Mills/Woodside Div.*, 286 S.C. 223, 225-26, 333 S.E.2d 338, 340 (Ct. App. 1985) (finding the Appellate Panel was not required to allow the doctor's deposition to be taken and entered as evidence where the record reflected that, at the time of the hearing before the single commissioner, a party knew of the testimony of a doctor).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.