**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tommy G. Houston, Employee, Respondent,

v.

Garda World Security, Employer, and Gallagher Bassett Services, Inc., Carrier, Appellants.

Appellate Case No. 2015-002120

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2018-UP-094
Submitted September 1, 2017 – Filed February 21, 2018

———————

**AFFIRMED**

———————

Richard Daniel Addison, and Lee E. Dixon, both of Hedrick Gardner Kincheloe & Garofalo, LLP, of Columbia, for Appellants.

Kathryn Williams, of Kathryn Williams, PA, of Greenville, for Respondent.

———————

**PER CURIAM:** In this workers' compensation action, Garda World Security and Gallagher Bassett Services, Inc. (collectively, Appellants) appeal the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel). Appellants argue the Appellate Panel erred in (1) finding it had

jurisdiction over Tommy Houston's claim for a change of condition to his right knee and (2) finding Houston sustained a compensable change of condition to his right knee. We affirm.

1. First, we find the Appellate Panel did not err in finding it had jurisdiction over the claim for a change of condition to Houston's right knee. Section 42-17-90 of the South Carolina Code (2015) governs the review of an award for a claim of change of condition and provides:

> On its own motion or on the application of a party in interest on the ground of a change in condition, the [C]ommission may review an award and on that review may make an award ending, diminishing, or increasing the compensation previously awarded, on proof by a preponderance of the evidence that there has been a change of condition caused by the original injury, after the last payment of compensation. . . . [T]he review must not be made after twelve months from the date of the last payment of compensation pursuant to an award provided by this title.

S.C. Code Ann. § 42-17-90(A) (2015).

When examining the terms of the statute, we find the Appellate Panel has jurisdiction to review a claim for a change of condition if the claimant files the application for review within twelve months from the date of settlement or final payment. *See* S.C. Code Ann. § 42-17-90(A); *see also Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Whe[n] the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."). Additionally, we find that, based on prior case law and the plain language of the statute, the General Assembly only intended that a claimant *file* the application for review based on a change in condition within one year of the last date of compensation payment. *See* S.C. Code Ann. § 42-17-90(A); *Allen v. Benson Outdoor Advert. Co.*, 236 S.C. 22, 30, 112 S.E.2d 722, 726 (1960) ("We have gone no further than to hold that the application for review must be made within one year after the last payment of compensation."); *see also Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 110, 580 S.E.2d 100, 105 (2003) ("The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature.").

In the instant case, the Appellate Panel found Houston "resolved his workers' compensation claim via a Form 16A settlement on February 4, 2010." Moreover, the Appellate Panel noted Houston listed his right knee as an affected body part on the Form 16A. Additionally, it found that, on November 11, 2010, Houston filed a Form 50 request for hearing—alleging a change of condition to his right knee among other body parts—within the one-year time period in accordance with section 42-17-90. Last, the Appellate Panel found the parties' use of the term "held in abeyance" in the consent order "preserved [Houston]'s right to file for a change of condition for his right knee as it was initially [pleaded] in his Form 50 for a change of condition that was filed within the one[-]year period per the statute." We agree with the Appellate Panel that the provision of the consent order holding the remaining issues in abeyance preserved Houston's right to file for a change in condition to his right knee. *See Smith-Cooper v. Cooper*, 344 S.C. 289, 295, 543 S.E.2d 271, 274 (Ct. App. 2001) ("Generally, whe[n] an agreement is clear and capable of legal construction, the court's only function is to interpret its lawful meaning and the intent of the parties as found within the agreement.").

Moreover, based upon our review of the record, we find substantial evidence exists to support the Appellate Panel's findings. *See Mungo v. Rental Unif. Serv. of Florence, Inc.*, 383 S.C. 270, 279, 678 S.E.2d 825, 829–30 (Ct. App. 2009) ("The Appellate Panel is the ultimate fact finder in workers' compensation cases, and if its findings are supported by substantial evidence, it is not within our province to reverse those findings."). In the instant case, the consent order held all remaining issues in abeyance until a future hearing, without defining which issues the parties meant to hold in abeyance. We find the Appellate Panel properly determined that Houston preserved his rights to file for a change of condition to his right knee because he listed his right knee—in addition to other affected body parts—in his November 2010 Form 50. Additionally, we find the parties intended that "all other issues" include the right knee because, in the consent order, Appellants agreed to pay for expenses related to the issues concerning Houston's shoulder and back while holding other issues in abeyance "pending a future hearing at the request of either party." In our view, when considering the November Form 50 together with the consent order, the term "other issues" could not address anything other than the remaining body parts listed in Houston's November Form 50, including his right knee.

Accordingly, we find the Appellate Panel did not err in finding it had jurisdiction to hear Houston's claim for a change of condition to his right knee.

2.  Next, we find the Appellate Panel did not err in finding the existence of a change of condition to Houston's right knee.  "The determination of whether a claimant experiences a change of condition is a question for the fact finder." *Gattis v. Murrells Inlet VFW No. 10420,* 353 S.C. 100, 107, 576 S.E.2d 191, 194 (Ct. App. 2003).  "If a review of a compensation agreement or settlement is sought on the change in the condition of the employee, a change in condition must be shown, and it must be causally connected with the original compensable accident." *Krell v. S.C. State Highway Dep't*, 237 S.C. 584, 588, 118 S.E.2d 322, 323 (1961).  In workers' compensation cases, the appellate court "serves only to review the factual findings of the Appellate Panel and to determine whether the substantial evidence of record supports those findings." *Mungo*, 383 S.C. at 285, 678 S.E.2d at 833.  When there is a conflict in the evidence, the Appellate Panel's findings of facts are conclusive.  *Steed v. Mount Pleasant Seafood Co.*, 236 S.C. 253, 256, 113 S.E.2d 827, 828 (1960).

Upon our review of the record, we find substantial evidence exists to support the Appellate Panel's finding that Houston met the burden of proof to show a change of condition to his right knee.  *See Mungo*, 383 S.C. at 285, 678 S.E.2d at 833.  The record demonstrates that, as a result of the automobile accident, Houston sustained an injury to his right knee, which he reported to his first orthopedic surgeon upon his initial visit in April 2008 and then reported again on his October 2010 patient recheck and FMLA benefits forms.  Additionally, testimony reflects that Houston's right knee declined following his initial settlement of his workers' compensation claim on the February 2010 Form 16A—in which he listed his right knee as an affected body part—and after he became more active following his surgeries and return to work.  Moreover, Houston's second orthopedic surgeon and his chronic pain management specialist testified that the automobile accident most likely caused Houston's right knee injury and that Houston's increased activity following his surgeries exacerbated his right knee pain and caused a need for additional evaluation and treatment.

Moreover, we find the Appellate Panel's determination that Houston's testimony was credible regarding the gap in reporting his knee injury and the prioritization of other, more painful injuries, supports its overall finding that Houston sustained a change of condition to his right knee.  *See Estridge v. Joslyn Clark Controls, Inc.*, 325 S.C. 532, 540, 482 S.E.2d 577, 581 (Ct. App. 1997) ("A symptom which is present and causally connected, but found not to impact upon the claimant's condition at the time of the original award, may later manifest itself in full bloom and thereby worsen his or her condition.  Such an occurrence is within the reasons for the code section involving a change of condition.").  While Appellants argue

Houston's references to his knee are self-serving and are not corroborated by the medical records or testimony of treating physicians, we note the Workers' Compensation Act permits the factfinder to rely upon both subjective and objective evidence. *See Russell v. Wal-Mart Stores, Inc.*, 415 S.C. 395, 399, 782 S.E.2d 753, 755 (Ct. App. 2016), *reh'g denied* (Mar. 24, 2016). Thus, we affirm the Appellate Panel because substantial evidence supports its findings.

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.